WOOTSON L. GUNNELS, plaintiff in error, *vs.* ISAAC B. DEAVOURS, defendant in error.

1. When an oral motion in the superior court, made touching a collateral matter, is granted, the regular course is to make the grant of it matter of record; but not so when it is refused. Writ of error founded on the denial of a collateral motion, certified in the bill of exceptions to have been made and overruled, will not be dismissed because the record contains no copy of any motion or of any judgment overruling it, there being no reason to conclude that either was in writing.

2. Reversal in the supreme court carries cost against defendant in error, and judgment therefor is proper under section 4290 of the Code, though a condition changing reversal into affirmance is accepted and complied with.

Practice in the Supreme Court. Practice in the Supe-

rior Court.   Judgments.   Costs.   Before Judge CLARK.
Webster Superior Court.   March Term, 1877.

Reported in the opinion.

JOHN R. WORRILL, by Z. D. HARRISON, for plaintiff in
error.

B. P. HOLLIS; B. B. HINTON & SON, for defendant.

BLECKLEY, Judge.

In the case of Gunnels *vs.* Deavours, 57 *Georgia Reports*,
179, the judgment entered upon the minutes of this court
was, "that the judgment of the court below be reversed,
unless the plaintiff shall consent to write off from the judg-
ment the sum of fifty-one dollars and six cents, and in the
event he shall do so, then the judgment of the court below
to stand affirmed."   When the remittitur was returned to
the court below, the condition was accepted and complied
with, and this fact was recited in the order for entering the
remittitur on the minutes of that court.   At the same term,
a motion was made to enter up judgment against Deavours,
the defendant in error, for the costs of the former writ of
error in this court.   That motion was denied, and the de-
nial of the same is the subject matter of the present writ of
error.

1. A motion was made here to dismiss the latter, on the
call of the case for argument, upon the ground that, as to
the motion to enter up judgment for costs, the record con-
tains no judgment overruling or denying it, and that the
motion itself is not copied in the record.   The bill of excep-
tions states that such a motion was made, and that it was
overruled.   Doubtless, it was all done in parol.   Most·prob-
ably the court was simply requested to pass the usual order
giving leave to enter judgment for costs, and refused to do
so.   This much is deducible from the bill of exceptions.
The 46th rule of practice declares that "Every motion for

any rule or order, shall be submitted to the court in writing, by the counsel who makes it, and if granted by the court, shall be delivered to the clerk." If not granted, there appears to be no provision for filing, or for making the motion a part of the record. Doubtless, the court might refuse to entertain even a collateral motion not reduced to writing. But if it does entertain and overrule a motion, we are not prepared to say that any writing is necessary—especially as to motions which, if granted at all, are to be granted of course; and such is the character of the one with which we are now concerned. There is no intimation that the court refused to grant it because it was not presented in writing. Certainly, when a motion is granted, the order must be in writing, whether the motion is in writing or not; but we think a court may refuse a collateral order or judgment applied for, without expressing the refusal in writing. We think courts constantly refuse motions, and make no record of the refusal. Take, as examples, motions for nonsuit, motions to dismiss declarations or pleas, and motions to suppress interrogatories. What is done by a court of record must be registered; but what it refuses to do is often not matter of record. The very motion on which we are now ruling, that is, the motion to dismiss the writ of error, was made in parol, and disposed of without any entry upon our minutes. Yet the twenty-third rule of this court is in almost the exact language of the forty-sixth rule of the superior court quoted above. When such a motion is granted, the proper order is recorded; but when it is overruled, the minutes are silent concerning it, and, usually, the whole matter is left in parol. Enough has been said to show that the writ of error should not be dismissed. The difference in the character of the two motions will, if attended to, serve to reconcile this ruling with that just announced by the chief justice, in McLendon *vs.* McLendon. In that case, the motion was necessarily in writing, and was an extension of the main trunk of the main case ; not a mere collateral off-shoot from it, as was the motion in the present case.

2. Passing to the error complained of, we think this case is ruled by that in 56 *Ga.*, 456. The Code, §4290, declares that "If there is a judgment of reversal, the plaintiff in error shall be entitled to a judgment for the amount of such costs, against the defendant in error, so soon as the remitter is returned to the court below." It is not necessary that the whole of the judgment below should be wrong to entitle a plaintiff in error to recover his costs. If it contains material error, and the costs in question have to be incurred to correct it, the principle involved in the allowance of costs is with the plaintiff in error. Besides, a judgment of reversal is not the less so because terms are prescribed on which it may cease to be that, and become a judgment of affirmance. Hence, both literally and substantially, the case before us is one in which the plaintiff in error is entitled to his costs.

Judgment reversed.

---

| 59. | 199 |
| 89 | 504 |
| 59 | 199 |
| 130 | 286 |