SMITH *v.* EQUITABLE MORTGAGE COMPANY.

1. The superior court is a court of record, and all motions or petitions therein for any affirmative relief extending beyond that covered by a judgment or decree rendered in a cause pending in such court, certainly where the relief sought is against a person not a party to the record, must be reduced to writing and entered upon the motion docket, and that person is entitled to notice before any judgment upon such motion can be rendered against him.

2. Under section 3651 of the code, no person other than the defendant, his heirs, or their tenants or assignees since the judgment, can be summarily evicted from land by virtue of a sale under execution.

March 23, 1896. Argued at the last term.

Motion. Before Judge Hardeman. Crawford superior court. March term, 1895.

An oral motion was made in the superior court for the following order: "It appearing to the court, that on the first Tuesday in June, 1894, the sheriff of said county of Crawford exposed for sale, after duly advertising the same, and did on said day sell the following property, to wit, all that tract or parcel of land lying and being in the first district of said county, and being whole lots numbers 181 and 182, and 20 acres in the northwest corner of lot number 183, consisting of 425 acres more or less, being a portion of T. F. Gibson's plantation in said district; and at the time of said sale Nancy M. Smith was in possession of said land by virtue of some contract of sale with the said defendant, and refuses to give possession of the same to the Equitable Mortgage Co., who were the purchasers at the said sale, and that the said purchasers have failed to make application for

possession until the term of the court following said sale and until the sheriff, K. P. Lowe, had gone out of office: Wherefore it is ordered, that the sheriff of said county of Crawford proceed to put the said Equitable Mortgage Co., their agents or attorneys, in possession of said land and by dispossessing said Nancy M. Smith, her agents, tenants, or assigns, or the said M. M. Evans, her agents, tenants, or assigns, after twenty days notice." The attorney of Nancy M. Smith, being present, objected to the passing of said order, because Nancy M. Smith did not hold under M. M. Evans by any contract or deed since the judgment, but held adversely to said M. M. Evans. There was no petition in writing for said order; is was not docketed, and no notice was given to said Nancy M. Smith or her tenants of intention to apply for the order. The court overruled the objection, and passed the order. Nancy M. Smith excepted.

*R. D. Smith* and *J. H. Hall*, for plaintiff in error.

Atkinson, Justice.

The official report in this case states the facts.

A motion made during the progress of a case for the allowance of any privilege or the adjudication of any right which may fall within the pleadings of a cause pending in the superior court, may be made orally, as well as in writing; and if the judgment of the court pronounced upon such motion be registered upon the minutes of the court, this will suffice to sustain the judgment. But where it is sought to invoke the powers of the court touching matters which lie outside the pleadings, though in some sense pertinent to the cause, the court can acquire jurisdiction for that purpose only through the means of a written application or motion for the relief desired; and this is true, whether such collateral matter be between the same parties who are at issue upon the main case, or be between one of the parties to the main case and a stranger to the record. It is

essential to the validity of a judgment rendered upon such a motion, that the person to be affected thereby should have notice of the application and an opportunity to be heard upon it. The necessity for a strict observance of these rules is well illustrated in the facts of the present case.

In this case, a piece of property was exposed for sale under an execution and sold. During the term of the superior court next ensuing the sale, oral application was made to the presiding judge for an order directing the eviction of one who was a stranger to the record in the case, and who does not appear, from the language of the order itself, to be liable to eviction under this summary proceeding; for under section 3651 of the code no person other than the defendant, his heirs or their tenants or assignees since the judgment, can be summarily evicted from the land by virtue of an execution sale thereof. No motion was made of which the party to be affected by it had notice, and yet the court, without getting jurisdiction of this person, was asked to proceed against her in the face of the plain and manifest provision of the code which protected her possession against summary judicial invasion.

We doubt not had the court, under rule 46 of the superior court, required this motion to be reduced to writing, required it to be served upon the party to be affected by it, required it to be placed upon the docket in accordance with paragraph 5 of section 267 of the code, this plaintiff in error could have shown satisfactory reason against her dispossession; at least she would have had the opportunity to make the showing, and the court would have had such jurisdiction of her person as would have enabled him to render a valid decree in the premises.    *Judgment reversed.*