## 24080. ELLIOTT v. LEATHERS et al.

ARGUED JULY 10, 1967—DECIDED JULY 14, 1967.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Edward D. Wheeler, Herbert Johnson,* for appellees.

GRICE, Justice. The dismissal of an appeal in which the transcript was not filed in the trial court within 30 days after filing of the notice of appeal is for review here. From two adverse judgments in the Superior Court of Fulton County, E. S. Elliott had appealed to the Court of Appeals. That court, in a five to four decision, dismissed his appeal (*Elliott v. Leathers*, 115 Ga.

App. 352 (154 SE2d 694)), and we granted his application for certiorari.

The facts, insofar as necessary to recite for this review, are, in chronological order, those which follow. All dates refer to 1966.

On April 5 the appellant filed his notice of appeal from judgments rendered on March 8.

On May 3 the appellant presented to the trial judge, Honorable Durwood T. Pye, the following proposed order: "It appearing that the court reporter will be unable to prepare the record specified in the notice of appeal of appellant . . . in the foregoing case within thirty (30) days after filing of the notice of appeal, upon application of appellant . . . time for filing of the transcript as designated in the notice of appeal is hereby extended for an additional thirty (30) days and until the 8th of June 1966. This_____day of_____, 1966."

On May 4, the day before expiration of 30 days from the filing of the notice of appeal, the trial judge passed an order declining to enter such proposed order for two reasons. The first dealt with a question not material here. The second was that in his opinion the portion of Section 11 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 26; Code Ann. § 6-806) which recites that "In all cases it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript . . ." is contrary to a specified provision of our State Constitution as an exercise of judicial powers by the General Assembly, in view of Northside Manor, Inc. v. Vann, 219 Ga. 298 (133 SE2d 32).

On May 6, one day after expiration of such 30 day period, and the day this order declining to grant the requested extension was received by appellant's counsel, he filed with the trial court a motion which recited the presentation on May 3 of the proposed order for extension of time and the judge's order declining to sign it. The motion then stated that the appellant "moves the court to grant the extension of time for the filing of such transcript under the discretionary power of the court, in particular as set forth in Section 6 of the Rules of Civil Procedure [Appellate Practice?] and shows the court that the failure of the

court to grant an extension of time denies to him a right of appeal with full presentation of the record in evidence upon which the judgment complained of has been rendered."

On May 12 the trial judge entered an order granting an extension of time for filing the transcript. It referred to the previous order of May 4, declining to grant the requested extension for the two reasons therein assigned and stated that such order was entered upon request for the extension as a matter of right, the applicant not having invoked any question of discretion. It related further than on May 10 counsel for appellant "presented to the court a motion in reference to an extension of time, invoking the discretion of the court under Section 6 of the . . . [Appellate Practice Act, supra]. This question of discretion, as stated, was not presented by the previous application, but is now presented. It is to be noted that the matter of discretion is entirely different from the matter of extension by right under the above quoted portion of said Act, which the court believes to be unconstitutional. The question of discretion being presented, the court has inquired of the reporter as to the status of the transcript and the reporter has . . . advised the court in respect thereof . . . the court is of opinion that it should exercise discretion in favor of the granting of a reasonable extension . . . [and that] the proper thing to do is to grant the extension requested. . ." Thereupon, it ordered an extension of 90 days for filing the transcript.

On August 9, within the extension granted, the transcript was filed in the trial court clerk's office.

The view which the majority of the Court of Appeals took may be summarized as follows: that appellant's counsel timely presented an order for an extension of time which the judge refused to sign; that thereafter counsel abandoned his original application and filed a new one which was too late; that had counsel wished to rely upon his original application and assert his right to have the judge grant an extension under the mandatory provisions of the last sentence of Section 11 of the Appellate Practice Act (*Code Ann.* § 6-806), he had his remedy by mandamus to secure judicial review of the judge's ruling that the mandatory feature of such Act is unconstitutional; that he did

not pursue that remedy, but abandoned his timely application, and now seeks to travel on an untimely one; and that the appellate court had no discretion but to declare the applicable law and dismiss the appeal.

We cannot agree with the views and conclusion of the majority of the Court of Appeals, and deem the dismissal erroneous.

1. As we view it, this entire situation is pervaded and controlled by a provision of the Constitution of this State: "No writ of error shall be dismissed because of delay in transmission of the bill of exceptions and the copy of the record, or either of them, resulting from the default of the clerk or other cause, *unless* it shall appear that *the plaintiff in error or his counsel caused such delay. . .*" Art. VI, Sec. II, Par. V (*Code Ann.* § 2-3705). (Emphasis supplied.) This mandate, made a part of the Constitution when the method of appellate review was by bill of exceptions with writ of error, likewise applies to the current method of review by appeal. It also applies to filing of the record in the trial court clerk's office, because that is a step in transmission.

It does *not* appear that the appellant or his counsel caused the failure to file the transcript within thirty days following the filing of the notice of appeal. From what does appear the delay was caused by the reporter's press of work. The trial judge was satisfied as to this, upon being advised of the facts by the reporter.

In this respect the present case differs decisively from *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123), where the appeal was dismissed for failure to file the transcript within the time. There, the delay was more than six months, no excuse whatever was offered, and no extension of time was sought. By analogy to an earlier case, we held the appeal to be stale due to laches of the appellant, and dismissed under authority of the Constitutional provision above referred to. *Code Ann.* § 2-3705. All subsequent cases by this court involving dismissal for delay in filing of the transcript likewise involved unexcused delay and no valid application for extension.

2. The appellant here complied with the procedural requirements of the Appellate Practice Act of 1965, supra, for seeking

an extension. In this connection we refer to the relevant provisions of that Act.

Section 6 (*Code Ann.* § 6-804) recites in material part that "Any judge of the trial court . . . may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of . . . (c) transcript of the evidence and proceedings on appeal. . . Any application to any . . . judge for an extension must be made before expiration of the period for filing as originally prescribed. . . The order granting an extension of time shall be promptly filed with the clerk of the trial court. . ."

Section 11 (*Code Ann.* § 6-806) provides, as far as necessary to state here, that "The party having the responsibility of filing the transcript shall cause it to be filed within thirty (30) days after filing of the notice of appeal . . . unless the time is extended as provided in section 6. In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings."

(a) Presentation of the proposed order was sufficient as an application for extension of time for filing the transcript under Section 6, supra. That section expressly negatives any motion having to be made, and requires filing of only "the order granting an extension." Also, see *Gunnels v. Deavours*, 59 Ga. 196 (1).

(b) When, on May 3, counsel for the appellant presented the proposed order for an extension of time for filing the transcript, he was within the 30 day period after filing his notice of appeal on April 5, as required by Section 11, supra.

Under these facts it was not necessary that appellant *obtain* the extension within that 30 day period in order to prevent dismissal of his appeal. The Appellate Practice Act of 1965, supra, does not so require. Section 6, supra, provides only that the application "must be *made* before expiration of the period." (Emphasis supplied.) The Act does not impose a penalty of dismissal where application has been made but no extension granted before expiration of the 30 days. To construe it as requiring dismissal where an appellant did not cause the delay and the trial judge declined to grant a requested extension would

shut off the right of appeal, and would thus violate the constitutional mandate referred to above. *Code Ann.* § 2-3705. Such a construction would also be contrary to the legislative intent expressed in Section 13 (b) (*Code Ann.* 6-809 (b)), and Section 23 of the Act as to decision upon the merits.

Therefore, having complied with the requirements of the Act for obtaining an extension of time for filing of the transcript and thus having done all he could do toward obtaining it, the appellant was entitled to an extension as originally applied for.

3. We cannot agree that if the appellant, upon original denial of the application, still desired the extension he should have instituted mandamus proceedings against the trial judge to compel him to grant it. The Appellate Practice Act of 1965, supra, does not require any such action. Furthermore, a mandamus proceeding for that purpose is not authorized. One superior court judge cannot mandamus another (*Shreve v. Pendleton*, 129 Ga. 374 (1) (58 SE 880, 12 AC 563)), and the Court of Appeals has no jurisdiction to compel a superior court judge to grant such an extension. The appellate courts have recognized their lack of jurisdiction to grant such extensions (Court of Appeals Rule 12, Supreme Court Rule 7), and resort by appellant to the Court of Appeals for mandamus to require the trial judge to do so would have achieved no useful purpose.

Thus, the appellant took the only course available in order to obtain the necessary extension. The denial order dated May 4 was not received until May 6, one day after the 30 day period. On that date his counsel filed with the trial court clerk the motion for extension invoking the discretionary power of the trial judge under Section 6 of the Act, supra. This was in the same court, in the same case, before the same judge, and for the same reason and purpose as before—to obtain an extension of time due to the court reporter's inability to prepare the transcript within the 30 day period. In effect it was the continuation and renewal of the original effort with only a different basis, discretionary instead of mandatory. It was certainly no abandonment. The trial judge's final order clearly recognized this. Acting upon such discretionary basis he reconsidered the matter and, being satisfied that it was deserving and necessary, granted the extension. This action, as we see it, was correct.

503

The appellant caused the transcript to be filed in the office of the clerk of the trial court within the 90 day period allowed by the trial judge's extension order. It was timely transmitted to the Court of Appeals, and was on file there when the appeal was dismissed.

Therefore, we hold that the appeal should not have been dismissed.

*The judgment of the Court of Appeals is reversed. Mobley, Grice and Undercofler, JJ., and Judge H. O. Hubert, Jr., concur. Duckworth, C. J., Almand, P. J., and Nichols, J., dissent. Frankum, J., disqualified.*

Duckworth, Chief Justice, dissenting. In *Smith v. Equitable Mortgage Co.*, 98 Ga. 240 (25 SE 423), it was held that the superior court is a court of record. At page 241 of the opinion after stating motions made during the trial seeking privileges or the adjudication of rights which "fall within the pleadings" may be made orally, and if the judgment thereon is registered upon the minutes of the court this will suffice, then the court said: "But where it is sought to invoke the powers of the court touching matters which lie *outside the pleadings,* though in some sense pertinent to the cause, the court can acquire jurisdiction for that purpose only through the means of a written application or motion for the relief desired." It can not with logic and reason be said an application under *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21) for an order extending the time beyond the 30 days for filing the transcript is not "outside the pleadings," hence jurisdiction to issue such extension order must be acquired "only through the means of a written application or motion for the relief desired."

The definition of a court of record stated in *DeKalb County v. Deason*, 221 Ga. 237 (144 SE2d 446), would require such applications or motions to be in writing. The 1965 Appellate Practice Act (*Code Ann.* § 6-804) provides that: "Any application to any court, justice or judge for an extension must be made before expiration of the period for filing as originally prescribed." That same section says further that "The order granting an extension of time shall be promptly filed with the clerk of the trial court," thus unmistakably showing that it is the court order and not the application that extends the time.

The record in this case shows no semblance of a written application for an extension of time made before the expiration of the period for filing as originally prescribed. To those who say there was such an application I make a request for a recital of the content of such application. What were the grounds therein stated for granting an extension? The only possible reply is inevitably thunderous silence.

I am mindful of the constitutional mandate that bills of exceptions must not be dismissed because of delays, unless it is the fault of the party or his counsel, and I would apply it to appeals. But when the law plainly demands that when an application for an extension of time is made in the superior court it must be in writing, and must be made before the fixed time expires, and counsel does neither of these, the fault rests squarely upon counsel. But taking the majority view that in some mysterious way the purported order which the judge did not sign comprehends and satisfies all the law, the indispensable court order of extension is totally absent in this procedure.

The only application for an extension in the record was made not before but after the expiration of the period for filing, and hence it has no sanction in the statute. It is revealing in other respects. It shows that the lawyer drawing it knew the court was one of record, and that in such a court the application must be in writing. It also shows that he knew the application must set forth reasons for granting it. But not having been filed in time it is a nullity, and this court has no right even to consider it.

Finally the majority of necessity hold that the mere making of the application works an extension because no order on any motion, oral or written, before the original period for filing expired was issued, and if this is to be the rule then all legislative attempt to expedite by fixing time limits is put at nought. If there are to be extensions in this manner, to what time does the extension go? By this indefiniteness and confusion the party who perhaps after large expenditure of time and money to obtain his judgment is denied the fruits of his judgment because this court's ruling enables the loser in the trial to cause the judgment to remain indefinitely suspended in the air. By fixing time limits for taking the various steps to perfect an appeal, the

statute must and can only mean that absent such steps within the time prescribed, no appeal exists. If the legislature chooses to remove all time limits this court would abide by that law and decide all cases thus appealed, regardless of the time consumed in getting the appeal to us, provided the case had not in the meantime become moot.

For the foregoing reasons I dissent.

I am authorized to state that Presiding Justice Almand and Justice Nichols concur in this dissent.