### 25729. ROGERS v. McDONALD.

Argued April 13, 1970—Decided May 7, 1970.

*Frank M. Gleason,* for appellant.

*McDonald, McDonald & McDonald, Ernest McDonald,* for appellee.

GRICE, Justice. This appeal is from the denial of a motion to set aside orders extending the time for filing a transcript of evidence and proceedings in a case. The trial court certified this ruling for immediate review. The appellant, Marion Rogers, previously recovered a money judgment against the appellee, Cecil McDonald, in the Superior Court of Catoosa County. Thereafter, the appellee obtained three 90-day extensions of time for filing the transcript and a supersedeas of the judgment pending the appeal to this court.

The applications of appellee in seeking the extensions of time recited the estimated voluminous record. Also, he asserted that he was not responsible for any delay by the court reporter.

The amended motion of appellant to set aside the second and third extensions of time alleged facts as to times and events, which are not necessary to set forth here. It averred that the reporter had not proceeded with due diligence in preparing the transcript.

This motion of appellant alleged that the portion of the Appellate Practice Act (Ga. L. 1965, pp. 18, 21; *Code Ann.* § 6-804) providing that the judge "may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of . . . transcript of the evidence and proceedings . . ." violates the due process guaranty of the State Constitution (Art. I, Sec. I, Par. III; *Code Ann.* § 2-103). It also alleged that the granting of the extensions here was an abuse of judicial discretion which constitutes denial of due process.

Upon a hearing the reporter testified as to why the transcript had not been completed, giving such explanations as the large size of the record, the press of other reporting assignments, and the inability to obtain the required kind of paper. The appellant, by examination of this reporter and another, sought to show undue delay in completion of the transcript.

■ The constitutional attack upon the quoted part of the Appellate Practice Act, supra, is not meritorious. That it does not provide for notice and a hearing does not render it void. A court reporter is amenable to the trial judge for the prompt and efficient performance of his duties. This relationship ordinarily provides the judge with sufficient facts upon which to decide

whether to grant or deny an application for extension of time to file a transcript without the necessity of notice and hearing. Often, with time about to run out, notice and hearing would be impossible. Counsel has not produced any authority holding that such are necessary for due process, and we have found none.

■ No abuse of discretion by the trial judge in granting the three extensions of time was shown.

Appellant contends that the court reporter was not doing his job, that hearings on the applications for extensions of time would have shown this, and therefore that it was an abuse of discretion to grant the extensions without any hearing.

As stated above, a court reporter is subject to the directions of the judge or judges of the court in carrying out his duties. No one is more knowledgeable of the other court responsibilities of a court reporter or of the extensiveness or difficulty of preparing a particular transcript than the trial judge.

Furthermore, there was no evidence upon the hearing which would indicate any abuse of discretion in granting the extensions. It was not shown that the appellee was in any way responsible for the length of time being taken by the reporter to prepare the transcript.

*Judgment affirmed. All the Justices concur.*