26026. COX ENTERPRISES, INC. et al. v. SOUTHLAND, INC.

Argued September 17, 1970—Decided October 8, 1970—
Rehearing denied October 22, 1970.

*Hansell, Post, Brandon & Dorsey, Allen Post, Albert G. Norman, Jr., Charles T. Zink,* for appellants.

*G. Seals Aiken, F. L. Breen, Henry L. Bowden, Martin McFarland, Glover & Davis, J. L. Glover,* for appellee.

Grice, Justice. For decision here is whether an appeal should have been dismissed upon the ground of unreasonable and inexcusable delay in the filing of the transcript of evidence and proceedings.

This issue arose after the grant of summary judgments for the defendants in an action filed in the Superior Court of Fulton County by Southland, Inc., against Cox Enterprises, Inc., the City of Atlanta, and Batson-Cook Co., seeking injunctive relief against continuance of an alleged obstruction of two streets by construction of a multi-story building. Atlanta Newspapers, Inc., was later named as a defendant.

Upon grant of the summary judgments, the plaintiff on May 1, 1969, filed a notice of appeal.

On May 8, 1970, before the appeal had been docketed in this court, two of the defendants filed in the trial court their motion to dismiss the appeal. The motion was based upon Section 2 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 29, as amended; *Code Ann.* § 6-809(b)) and asserted that there was an unreasonable and inexcusable delay in the filing of the transcript and that the delay was caused by the plaintiff. The motion alleged that 13 months had elapsed between the judgments of the trial court and the filing of the transcript on May 7, 1970, and that during that time the defendants had expended large sums of money in constructing the building.

The trial court on May 20, 1970, after the appeal had been docketed in this court on May 12, 1970 (Case No. 25917), entered an order on the motion to dismiss, in which it found that "the delay in filing the transcript in this case was unreasonable and inexcusable and that this delay was caused by the . . . [plaintiff's] failure to decide to order the transcript as a whole until the fall of 1969."

This order further recited: "This court, however, recognizes the danger inherent in any statute which permits a trial court to dismiss an appeal of its own rulings. In view of this, and the fact that movants failed to object to the order of extensions previously granted as well as the fact that said case has now been docketed in the Supreme Court and assigned for argument, this court denies the motion to dismiss the appeal.

"However, it is ordered that a transcript be made of this proceeding and this supplemental transcript be forwarded to the Supreme Court of Georgia as a part of the record in this case for determination as to whether or not the appeal should be dismissed."

This appeal is from that judgment, which was certified for immediate review.

1. The evidence adduced before the trial court on the motions to dismiss the appeal, while in conflict, amply supported such finding of delay caused by the plaintiff.

The court reporter testified that it was not until August or September, 1969, that the plaintiff, or anyone on its behalf, ordered any kind of transcript; that in August or September of 1969, the plaintiff's president requested that the reporter type the objections to the evidence, and they were delivered to him in early October; that it was not until November 10, 1969, that the plaintiff's president ordered a transcript of all of the evidence and proceedings; and on December 11, 1969, such transcript was delivered to plaintiff's attorney; and that in late April or early May 1970, the plaintiff's president requested the reporter to obtain the original documentary evidence, and it was delivered to him that same day.

The project manager of the defendant contractor testified that between the date of the original hearing in the case and the hearing on the motion to dismiss, 75% of the construction had been completed, leaving only the finish items.

The vice president of the defendant Atlanta Newspapers, Inc., testified as to the large financial outlay for the building during each of the 12 months that had ensued since the filing of the notice of appeal.

2. The trial court having found that the delay in filing the transcript was unreasonable, inexcusable and caused by the

plaintiff and such finding being supported by the evidence upon the hearing, it should have dismissed the appeal.

Since that court did not enter a dismissal, this court will do so.

As we appraise the salient factors, the lapse of time from the notice of appeal on May 1, 1969, to the filing of the transcript on May 7, 1970, under the circumstances referred to above, constitutes a stale appeal.

Although a 1968 amendment (Ga. L. 1968, p. 1072; *Code Ann.* § 6-809 (b)) to the Appellate Practice Act provides that the trial courts, rather than the appellate courts, may dismiss appeals for failure of a party to file the transcript within the proper time, this court has held that such amendment does not change the responsibility of this court under the Constitution (Art. VI, Sec. II, Par. V; *Code Ann.* § 2-3705), and that this court will dismiss a stale appeal. See in this connection, *Fahrig v. Garrett*, 224 Ga. 817 (165 SE2d 126).

(a) Furthermore, under the circumstances shown here dismissal cannot be avoided because of the successive extensions which the plaintiff obtained from judges of the trial court.

There is nothing in our statutes or decisions which requires that the obtaining of extensions per se excuses an appellant from the consequences of his own unreasonable delay.

This court in *Rogers v. McDonald*, 226 Ga. 329 (175 SE2d 25) recognized that the obtaining of extensions is not conclusive on the issue of delay by the appellant in filing the transcript. In that case several successive extensions had been granted and the appellee sought to have the trial court set aside the extensions as an abuse of judicial discretion under the facts appearing there. The trial court conducted a hearing at which full evidence was presented on the issue as to unreasonable delay and found that under the facts there was no cause to set aside the extensions. This court affirmed, stating that *it was not shown that the appellant was in any way responsible* for the length of time being taken by the reporter to prepare the transcript.

(b) The fact that the defendants did not object to the grant of the extensions does not bar them from moving to dismiss the appeal.

Each of the extensions presented to the trial judge for his approval recited that an additional number of days "will be required in which to prepare the record on appeal. : ."

There is nothing which shows that the defendants knew that notwithstanding the plaintiff's claim that additional time was required, any such need was due to his own delay in ordering the transcript. Under the Appellate Practice Act (Ga. L. 1965, pp. 18, 21; *Code Ann.* § 6-804) the grant of such extensions may be ex parte.

For the foregoing reasons the judgment in the instant case is

*Reversed. All the Justices concur.*