26442.   BRAMLETT et al. v. SMITH.

SUBMITTED APRIL 12, 1971—DECIDED APRIL 22, 1971— REHEARING DENIED MAY 20, 1971

524

*Burch & Boswell, John S. Boswell, Sr.,* for appellants.

*J. Converse Bright,* for appellee.

FELTON, Justice. The record shows that the appellants obtained an extension of time for the filing of a transcript on August 6, 1970, and neither filed the same with the clerk nor served the opposing party therewith for nearly two months (in October) in violation of the statutory requirement that "The order granting an extension of time shall be *promptly* filed with the clerk of the trial court, and the party securing it shall serve copies thereof on all other parties in the manner hereinafter prescribed." (Emphasis supplied.) *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21). It further

appears that the time allowed under such extension expired on September 26, 1970, that over 2 months thereafter appellants apparently had not even notified the court reporter that they desired to have a transcript made, and that the transcript apparently was not filed until January 29, 1971, over four months after the expiration of the time granted by the trial judge for its filing. The appellants' contention, that they were automatically granted additional time by the provision in the court order granting the extension, to the effect that the order "will be amended" to allow additional time if needed, is not meritorious, because the order granting an extension must be *filed* (hence, in *writing*). *Code Ann.* § 6-804; *Elliott v. Leathers,* 223 Ga. 497, 501 (156 SE2d 440). The record does not show that appellants made any *application* for an extension within the 50-day period (*Elliott v. Leathers,* supra, p. 501), or that any written order granting an extension was ever entered. Under the circumstances referred to, the four months' lapse of time from the expiration of the time allowed for the filing of the transcript and its actual filing, constitutes a stale appeal, as the trial court correctly held in its judgment dismissing the appeal, and this court can enter a dismissal notwithstanding the trial court's subsequent refusal to do so. See *Cox Enterprises v. Southland,* 226 Ga. 794, 796 (177 SE2d 653). Furthermore, even if it appeared that the appellants had applied for or were granted an extension or extensions of time, this would not excuse them from the consequences of their own unreasonable delay. Id., p. 797.

The transcript not having been filed within the time allowed by *Code Ann.* § 6-806 (Ga. L. 1965, pp. 18, 26), the appeal must be dismissed as stale.

*Appeal dismissed. All the Justices concur.*