### 46283.  EUNICE v. LANIER.
### 46284.  MANNING v. LANIER.

QUILLIAN, Judge. The instant appeals involve identical facts and are companion cases. The notice of appeal in case 46284 was filed on March 21, 1970, while the notice of appeal in case 46283 was filed on March 23, 1970. With this exception, the facts as recited apply to each case. Thus, where reference is made to the parties the singular will be used. On April 20, 1970, appellant applied for and received a 30-day extension in which to file the transcript. No further request or grant of extension appears in the record. On June 10, 1970, the appellee filed a motion to dismiss the appeal. No action was taken on this motion until February 9, 1971, when the trial judge entered an order denying the motion to dismiss the appeal but providing "in the event the transcript of the proceedings is not filed by the defendants within thirty (30) days from this date then the notice of appeal stands automatically dismissed." The clerk of the superior court certified to this court that "the reason for not forwarding the record on appeal in this case earlier is that the transcript was not filed until March 9, 1971."

Appellee now makes a motion to dismiss the appeal in this court

on the grounds that the transcript was not filed within the time provided by law and that the appeal is stale by reason of the late filling of the transcript. *Held:*

The Supreme Court in *Davis v. Davis,* 222 Ga. 579, 581 (151 SE2d 123), quoted with approval the language of Chief Justice Duckworth in *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683), that: "Justice delayed is often justice denied." In the *Davis* case the appeal was dismissed where the transcript was not filed until more than 6 months after filing the notice of appeal. In 1968 the Appellate Practice Act was amended *(Code Ann.* § 6-809; Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074) to permit the trial court to dismiss an appeal where there was an unreasonable delay in the filing of a transcript of evidence. This was held not to affect the power of the appellate court under the Constitution to dismiss an appeal where the transcript was not timely filed. See *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126); *Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818 (165 SE2d 127).

In *Cox Enterprises v. Southland,* 226 Ga. 794 (177 SE2d 653), the Supreme Court, upon a certificate of immediate review, considered the action of a trial judge with regard to late filing of a transcript. However, that court did not intimate that it was necessary to assign error on the trial court's ruling. Indeed, the language of *Fahrig v. Garrett,* 224 Ga. 817, supra, issues a clear mandate that the appellate court's power of dismissal rests on constitutional and not statutory authority, and is therefore independent of any action taken in the court below. In *O'Quinn v. State,* 121 Ga. App. 231 (173 SE2d 409), this court, citing the *Fahrig* case, held the 1968 Act did not change the responsibility of the appellate court to determine whether an appeal should be dismissed for proper cause even though the trial judge had denied a substantially identical motion to dismiss, and, without any appeal form such order, this court proceeded to make an independent determination as to whether the appeal was subject to dismissal for the alleged failure to file the transcript within the time allowed by law. See *Bramlett v. Smith,* 227 Ga. 523 (181 SE2d 849), where the Supreme

Court held: "The filing of the transcript four months after the expiration of the time allowed by the only extension order applied for and entered, which delay was caused by the appellants, constitutes a stale appeal, which is hereby dismissed, notwithstanding the trial court's refusal to do so."

In case the transcript was not filed until some 293 days after the time given by the last request for extension. In such circumstances, it can only be said that it affirmatively appears from the record that the failure to file the transcript was caused by the appellant.

*Appeals dismissed. Jordan, P. J. , and Evans, J., concur.*
SUBMITTED JUNE 2, 1971—DECIDED SEPTEMBER 10, 1971.

*Smith, Gardner, Wiggins, Geer & Brimberry, Jerry W. Brimberry, Peter Zack Geer,* for appellants.
*Landau, Davis & Farkas, James V. Davis,* for appellee.