26866. DIAMOND v. LIBERTY NATIONAL BANK & TRUST COMPANY et al.

ARGUED DECEMBER 13, 1971—DECIDED JANUARY 6, 1972.

*Alton D. Kitchings, Donald E. Austin, Melvin Belli,* for appellant.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., Adams, Adams, Brennan & Gardner, Edward T. Brennan, King & Spalding, Kirk McAlpin,* for appellees.

MOBLEY, Presiding Justice. In the action for specific performance brought by Delores A. Diamond against the executors of the will of her deceased husband, the jury returned a verdict for the plaintiff, which was made the judgment of the court on April 27, 1971.

On May 24, 1971, the defendants filed their motion for judgment notwithstanding the verdict and motion for new trial. The trial judge set a hearing on the motions for September 14, 1971, allowing the defendants until that date to file a transcript of the evidence and other proceedings.

This appeal assigns error on the order of May 24, 1971, granting the defendants until September 14, 1971, to file the transcript; on an order of June 17, 1971, denying the plaintiff's motion to dismiss the defendants' motions for judgment notwithstanding the verdict and for new trial; and on two orders of September 13, 1971, one extending the time for the hearing until November 10, 1971, and granting this additional time for filing the transcript, and the other overruling the plaintiff's objection to further continuance and motion to dismiss the defendants' motions for judgment notwithstanding the verdict and for new trial. Certificate for immediate review was signed by the trial judge.

The enumeration of errors asserts that the trial judge erred in each of the orders appealed from, and in refusing to allow the plaintiff to introduce evidence regarding the diminution of the estate during the pendency of the motions for judgment notwithstanding the verdict and for new trial.

The main question made by the appeal is whether the trial judge abused his discretion in the time allowed for filing the transcript in the first instance, and in granting an extension of time for such filing.

1. The defendants (appellees) have filed a motion to dismiss the appeal on the ground that it is moot because the transcript has now been filed.

It appears from the briefs of the parties that no ruling has been made by the trial judge either granting or denying the motions for judgment notwithstanding the verdict and for new trial, and the question of whether the judge erred in refusing to dismiss the motions will affect the subsequent proceedings in the case. The motion to dismiss is therefore denied.

2. The procedure provided by statute for applications for

new trial is as follows: "All applications for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict, or entry of the judgment where the case was tried without a jury. The motion may be amended any time on or before the ruling thereon, and where the grounds thereof require consideration of the transcript of evidence or proceedings, the court may in its discretion grant an extension of time for the preparation and filing of the transcript, which may be done any time on or before the hearing, or the court may in its discretion hear and determine the motion before the transcript of evidence and proceedings is prepared and filed." *Code Ann.* § 70-301 (Ga. L. 1965, pp. 18, 30).

This statute leaves it within the discretion of the trial judge to set a time for the filing of the transcript of evidence. There is nothing in the statute to indicate that the judge must state his reasons for granting whatever length of time he determines is necessary for the filing of the transcript. The trial judge knows the volume of litigation in his court, and must be assumed to know whether the court reporter is promptly and efficiently discharging his or her duties. *Rogers v. McDonald,* 226 Ga. 329 (175 SE2d 25).

In considering the motion to dismiss, the trial judge had before him an affidavit of the court reporter, and in his order of June 17, 1971, he found that the evidence had not been transcribed by the reporter because of the press of other court matters and the length of the proceedings in the present case. At the hearing on September 13, 1971, it appeared that the reporter had been unable to complete the transcript at the time previously projected because of the terminal illness of her husband.

The defendants ordered the transcript from the court reporter on April 1, 1971, the next day after the trial was concluded, and counsel for the defendants subsequently made repeated inquiries as to the progress of the reporter in transcribing the evidence. This case is not controlled by the ruling in *Cox Enterprises, Inc. v. Southland, Inc.,* 226 Ga. 794 (177 SE2d 653), where the delay in filing the tran-

script was caused by the failure of the appellant to order the transcript; or by *Bramlett v. Smith,* 227 Ga. 523 (181 SE2d 849), where the extension of time for filing the transcript expired before the transcript was ordered.

There is no duty on a litigant, as contended by the plaintiff (appellant), to take the recordings of the evidence from the reporter and have them transcribed by typists employed by the litigant. In fact, such a practice could not be allowed. The reporter has a duty to give a correct report of the proceedings on the trial, and must certify to the correctness of such transcript. *Code Ann.* § 6-805 (e) (Ga. L. 1965, pp. 18, 24).

The delay in filing the transcript in the present case was not attributable to the defendants, and the trial judge did not abuse his discretion in setting the hearing on the motions for judgment notwithstanding the verdict and for new trial on September 14, 1971, in continuing the hearing until November 10, 1971, and in refusing to dismiss the motions.

The only question for determination by the trial judge in the hearing on the motion to dismiss the defendants' motions for judgment notwithstanding the verdict and for new trial was whether any delay in filing the transcript was attributable to the defendants, and the judge did not err in refusing to hear evidence as to the condition of the estate of the deceased husband of the plaintiff.

*Judgment affirmed. All the Justices concur.*