## 50792. JOHNSON v. CLEMENTS.

Webb, Judge.
1. The duty of supervising the filing of the transcript of the evidence and proceedings rests with the trial court. Code Ann. § 6-809 (b); Rule 11 (c), Rules of the Supreme Court and of the Court of Appeals (Code Ann. §§ 24-4511, 3611); *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449); *Candler v. Orkin,* 129 Ga. App. 721, 722 (1) (200 SE2d 909). It is the duty of the trial court to grant such extensions of time, properly applied for, as may be necessary to enable the court reporter to complete the transcript (Code Ann. § 6-806; *Elliott v. Leathers,* 223 Ga. 497, 501 (2b) (156 SE2d 440)), "but the trial court may, after notice and opportunity for hearing, order that the

appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party . . ." Code Ann. § 6-809 (b). This is a fact issue for determination in the trial court (*Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, supra) which will not be disturbed unless there has been an abuse of discretion. *Rogers v. McDonald,* 226 Ga. 329 (2) (175 SE2d 25); *Azar v. Baird,* 232 Ga. 81 (205 SE2d 273); *Dunbar v. Green,* 232 Ga. 188 (205 SE2d 854). The fact that extensions of time for filing the transcript have been obtained does not excuse unreasonable delay in filing it. *Cox Enterprises, Inc. v. Southland, Inc.,* 226 Ga. 794, 796 (2) (177 SE2d 653).

2. "The order granting an extension of time shall be promptly filed with the clerk of the trial court, and the party securing it shall serve copies thereof on all other parties in the manner hereinafter prescribed." Code Ann. § 6-804.

3. In the instant case appellant obtained a plethora of extension orders, some of which were not filed with the clerk or served upon the opposite party as required by statute; and the transcript has never been filed, although more than a year and a half has elapsed since the verdict was returned and judgment was entered, and more than a year has elapsed since the motion for new trial was overruled. Accordingly the trial court did not abuse its discretion in dismissing this stale appeal after notice and hearing, and the order of dismissal is affirmed.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 16, 1975 — DECIDED JUNE 25, 1975 — REHEARING DENIED JULY 16, 1975 —

*Hartley & McNatt, Hugh E. McNatt,* for appellant. *Jack J. Helms,* for appellee.