## 68039. LOWRY v. THE STATE.

POPE, Judge.

John Wayne Lowry appeals his conviction on two counts of aggravated assault for which he was sentenced to serve five years in prison on each count, the sentences to run consecutively. He alleges eight errors. We find no merit in any of them and affirm.

1. Lowry argues that the evidence was insufficient to support his conviction on two counts of aggravated assault and that the trial court erred in sentencing him for two separate crimes. The jury was authorized to find that on October 10, 1980 two black males were walking on the side of a public road in Pike County. While they walked, they were approached by Lowry, who was driving a pick-up truck. As he neared the men, Lowry veered his truck toward them as if to run over them. Passing them, Lowry stopped his truck, got out, cursed the men, and fired four or five pistol shots at the two men. Lowry got back into his truck and drove off. The two men continued walking and soon again came upon Lowry. Lowry got out of his truck and struck both men with his pistol and then drove away. The two men then sought and received assistance and reported the incidents to the police. We find there was ample evidence to authorize the verdicts, and that any rational trier of fact could have found Lowry guilty of the crimes charged beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Nor did the trial court err in sentencing Lowry to serve consecutive terms. The trial court has the authority to impose consecutive sentences where separate and distinct crimes are charged. *Hart v. State*, 137 Ga. App. 644 (3) (224 SE2d 755) (1976). Lowry was charged with the separate crimes of aggravated assault against Gregory Flemister and aggravated assault against John Flemister.

2. Lowry contends that the trial court erred in not instructing the jury on the issue of simple assault and the definition of a deadly weapon. The transcript shows both of these contentions to be utterly without merit. The trial court properly instructed the jury in both regards.

3. We find no merit in Lowry's contention that it was improper to allow the district attorney to remark in closing argument on Lowry's failure to call Robert Swetman as a witness. See *Contreras v. State*, 242 Ga. 369 (3) (249 SE2d 56) (1978).

4. The trial court did not err in not considering probation for Lowry. Probation is within the discretion of the trial court. See OCGA § 17-10-1. The sentences are within statutory limits and are lawfully imposed. Therefore, this court is without power to modify them. *Thomas v. State*, 139 Ga. App. 364 (228 SE2d 386) (1976).

5. Lowry also argues that the trial court erred in not granting his

motion for new trial because the indictments are impermissibly vague. There is no merit in this enumeration. See generally *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977). Nor is there merit in Lowry's contention that the trial court erred in not vacating his sentences because approximately two years passed between the jury verdicts and the time the trial court overruled his motion for new trial. The motion for new trial was timely filed; however, on nine separate occasions Lowry requested that the hearing be continued. Each request was based upon the lack of the trial transcript which Lowry contended was essential to his motion for new trial. Of course, the trial judge could have heard the motion without waiting for preparation and filing of the transcript. OCGA § 5-5-40 (c). However, the trial judge granted Lowry's requests for continuance. We find nothing in the record to indicate what caused the extreme delay in the preparation and filing of the 202-page transcript.

OCGA § 5-5-40 (c) (formerly Code Ann. § 70-301) gives the trial court discretion in granting extensions of time for motions for new trial. "This statute leaves it within the discretion of the trial judge to set a time for the filing of the transcript of evidence. There is nothing in the statute to indicate that the judge must state his reasons for granting whatever length of time he determines is necessary for the filing of the transcript. The trial judge knows the volume of litigation in his court, and must be assumed to know whether the court reporter is promptly and efficiently discharging his or her duties. [Cit.]" *Diamond v. Liberty Nat. Bank*, 228 Ga. 533, 535 (186 SE2d 741) (1972). Even though in this case the delay in hearing and ruling on the motion for new trial is unfortunate, Lowry has shown no prejudice to his rights on the record before us; accordingly, there is no basis for reversal. See generally *Roach v. State*, 221 Ga. 783 (4) (147 SE2d 299) (1966).

Nonetheless, we feel compelled to state that every effort should be made by both the bench and the bar to avoid such lengthy delays in preparing transcripts of trials. Trial judges should exercise close supervision of court reporters to ensure prompt delivery of transcripts. Parties and counsel requesting transcripts should be diligent in payment to the court reporter and in checking on the progress of the transcript. Only through such efforts can litigation be brought to an orderly and timely end.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

Decided May 11, 1984 — Rehearing denied May 30, 1984.

*Kenneth L. Gordon*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler,*

*Paschal A. English, Jr., Assistant District Attorneys*, for appellee.