## 69125. BURKHALTER v. THE STATE.
### (325 SE2d 885)

POPE, Judge.

On November 5, 1982 appellant David E. Burkhalter, Jr. was convicted of the offenses of rape and aggravated assault after a trial to the bench and was sentenced to serve life plus ten years. On the same date Burkhalter also pleaded guilty to a separate offense of aggravated assault for which he received a sentence of twenty years.

1. Burkhalter's appointed attorney filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967). In accordance with *Anders*, counsel filed a brief raising points of law which he considered could arguably support an appeal. In addition, as required by *Bethay v. State*, 237 Ga. 625 (229 SE2d 406) (1976), we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that none of the points raised have any merit nor does our independent examination disclose any errors of substance. Therefore, this court grants the motion to withdraw, and we affirm the conviction. See *Snell v. State*, 246 Ga. 648 (272 SE2d 348) (1980). We are satisfied that the evidence adduced at trial

was sufficient to enable any rational trier of fact to find guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Burkhalter has elected to proceed pro se with his appeal by filing a supplemental brief. Four of the five errors asserted raise constitutional questions about the trial and appellate procedures followed in this case. This appeal was originally filed in the Supreme Court but was transferred to this court without an opinion. The Supreme Court's refusal to review Burkhalter's constitutional challenges mandates the finding that his contentions of error on constitutional grounds are without merit. See *Wadley Sou. R. Co. v. Faglee*, 42 Ga. App. 80 (1) (155 SE 65) (1930), revd. on other grounds, 173 Ga. 814 (161 SE 847) (1931).

Burkhalter contends the court erred in not granting a motion for change of venue. However, the motion for change of venue was withdrawn before the trial to the bench. Therefore, we have nothing to review in this regard. Burkhalter also contends that the court abused its discretion in not ordering transcripts and preparation of the record to allow a timely appeal. Burkhalter was convicted on November 5, 1982. Motion for new trial was timely filed November 22, 1982; however, the order overruling the motion for new trial was not rendered until May 7, 1984; this appeal was then timely commenced. The record does not show the cause of this delay. In any case, Burkhalter has not shown any prejudice by the delay, and it affords no basis for reversal. See *Lowry v. State*, 171 Ga. App. 118 (5) (318 SE2d 744) (1984). For all of the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 10, 1985.

*Robert H. Cofer II*, for appellant.
*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney*, for appellee.