**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Walters, et al. | } | |
| | } | |
| | } | Docket No. 206-11-03 Vtec |
| | } | |
| | } | |

Decision and Order on Motions Regarding Transcript

Appellants Dawn Carleton Walters, Jonathan Walters, Lauri Sybel, Stephen M. Springer, Barbara A. Springer, Laura A. Soares, Chris Soares, M.D., Daniel S. Sax, M.D., Joan B. Sax, Florence M. Rogers, Duane O. Rogers, Richard R. Osborn, Margaret A. Osborn, Greg J. Nazarow, Leslie B. Haynes, Leland Armstrong, and Veronica Armstrong appealed the October 7, 2003 decision (reissued on October 15, 2003) of the Development Review Board (DRB) of the Town of Randolph, granting site plan and conditional use approval to the then-applicant Vermont Pure Springs, Inc. Appellants are represented by Stephanie J. Kaplan, Esq.; the current applicant Micropack Corporation, successor to Vermont Pure Springs, Inc., is represented by Michael Marks, Esq.; the Town of Randolph is represented by Peter M. Nowlan, Esq. An additional interested party, W. Hugo Liepmann, entered his appearance representing himself but did not file any memoranda on the pending motions. This is an on-the-record appeal.

Motion for Ruling on Transcript Production

Appellants move for a ruling that the Town of Randolph prepare a complete transcript of the DRB hearings at the Town's expense or, in the alternative, for a ruling that each party wishing any portion of the audio or video recordings of the DRB hearings to be transcribed is responsible for procuring and paying for such portion. The DRB hearings took place on June 17, 2003; July 17, 2003; and August 19, 2003, and were recorded on a total of seven audio cassette tapes.

Throughout this analysis it is extremely important to distinguish between the record of the proceedings and the transcript of the record of the proceedings, especially because some of the rules of civil and appellate procedure contemplated by the Vermont Municipal Administrative Procedure Act (MAPA) (24 V.S.A. § 1201 et seq., and particularly § 1205(c)), the Vermont Administrative Procedure Act (3 V.S.A. § 800 et seq., and particularly § 809(e) and (f)), and the portion of V.R.C.P. 76(e) applicable to on-the-record proceedings, date from the days before audio, video or computer electronic recording systems were available for use in courts and administrative proceedings. That is, the rules regarding the recording of oral proceedings and the transcribing of those oral proceedings have not always kept pace with the recording technology.

This appeal is on the record, pursuant to § 3.6(B) of the Zoning Regulations and 24 V.S.A. § 4471. Former § 4471(a) (current § 4471(b)[1]) requires the production of an " adequate record" by the DRB, in order for an appeal from it to be on the record. See, In re Dunnett, 172 Vt. 196, 198-99 (2000); Appeal of J.D. Associates, Docket No. 36-2-00 Vtec (Vt. Envtl. Ct., Nov. 17, 2000).

The Vermont Municipal Administrative Procedure Act requires the presiding officer at the hearing to " cause the proceedings to be recorded." 24 V.S.A. § 1205. In the present state of technology, such proceedings could be recorded by audio tape or video tape; or onto a computer or recordable compact disk (CD) or digital video disk (DVD); or by a court reporter or stenographer. Nothing in MAPA dictates the recording technology. Compare, 4 V.S.A. Ch. 19 and V.R.V.P. 79.3 regarding recording and transcribing requirements for court and administrative proceedings.

MAPA also requires that " [t]ranscriptions of the proceedings of contested hearings shall be made upon the request [of] and upon payment of the reasonable costs of transcription by any party." 24 V.S.A. § 1209 (emphasis added). Thus, looking only at the requirements of MAPA, the DRB must cause a recording to be made during the oral proceedings, and that recording must be of a high enough quality to be capable of being transcribed.

In the present case, the DRB recorded the proceedings on audio cassette tapes. Based upon the Court's listening to only a few random passages from each of the hearing days, to develop a sense for the recording quality, it appears that the quality of the recording is capable of transcription. Although, no log was made by any equipment operator for the purpose of noting which individuals were speaking at any given time, the lack of a log may not be an impediment to transcription, as witnesses were asked to identify themselves orally before beginning their testimony. Compare, V.R.C.P. 79.3(c) and V.R.A.P. 10.1 regarding videotape procedure, with Administrative Order 19(8). Further, the purpose of the record in an on-the-record appeal is for the Court to determine whether the DRB had before it substantial evidence in the record as a whole on which to base its findings and conclusions; it is not necessarily important to determine which witness provided which oral testimony.

In its current form[2] Vermont Rule of Civil Procedure 76(e)(3) states that on-the-record appeals are governed by V.R.C.P. 74(c) through 74(h). V.R.C.P. 74(d) provides that:

The record on appeal shall consist of the original papers and exhibits enumerated in 3 V.S.A. § 809(e) or, in the case of a proceeding not subject to that section, all writings and exhibits in the agency proceeding; a transcript of any oral proceedings; and, where required by law, a statement of the questions which the appellant desires to have determined. (Emphasis added.)

With respect to these three elements of the record, V.R.C.P. 74(d) then provides specifically for the transmittal to the reviewing court of the ' original papers and exhibits,' and provides for the filing and service of the statement of questions. It goes on to require the appeal to be docketed and the record to be " deemed complete" as provided in V.R.A.P. 12. Finally, with respect to the transcript it provides that:

Any party desiring a transcript of any portion of the proceedings to be included in the record on appeal shall notify all other parties thereof, shall procure such portion at that party's own expense, and shall cause it to be filed with the clerk of the superior court within 30 days after the filing of the notice of appeal. (Emphasis added.)

This section of V.R.A.P. 74(d) simply reiterates the requirement of the Vermont Administrative Procedure Act, 3 V.S.A. § 809(f), which provides for state administrative proceedings that " [o]ral proceedings or any part thereof shall be transcribed on request of any party subject to other applicable provisions of law, and upon payment by the requesting party of the reasonable costs thereof." We must interpret V.R.C.P. 74(d) as a whole, so that under present law, only those portions of the oral proceedings requested to be transcribed must be provided to the reviewing court. It is probable that the provision for the record to contain " a transcript of any oral proceedings" stemmed from the technological era prior to the availability to the reviewing court of an audio or video recording of the oral proceedings. See 4 V.S.A. § § 796, 801, 803; compare V.R.C.P. 79.3 and V.R.A.P. 10.1[3] regarding the circumstances under which a videotaped proceeding may be used for judicial review without or with a transcript.

Reading these requirements in the context of the duty of the court or other decisionmaking body to control the making of the recording and to make arrangements for its transcription, 4 V.S.A. § § 801, 803, and Administrative Order No. 19, it is apparent that the provisions for a party to ' request" and ' pay for' a transcript mean that it is the decisionmaking body that caused the record to be made which is responsible for arranging to have it transcribed by a disinterested transcriber, even though payment is to be made by the party requesting the transcript or the portion of the transcript. In appeals from municipal panels under 24 V.S.A. Chapter 117, because the municipality itself may be a party to the proceedings on appeal, the DRB must arrange for a disinterested transcriber to produce the transcript, not an employee of the municipality. It has certainly never been acceptable for the official record of any judicial or quasi-judicial proceeding to be transcribed by a party[4], although in the absence of an adequate official record (as when recording equipment malfunctions) the parties may agree to an unofficially-prepared record of the oral proceedings being used for the purposes of appellate review. See V.R.A.P. 10(c).

While a transcript is not required to be filed in the reviewing court in order for the record to be deemed complete in a case in which an electronic recording of the proceedings was made and provided to the court as the official record of the oral proceedings, of course the parties may wish to refer in their arguments to specific statements made during the oral proceedings. Until or unless a rule similar to V.R.A.P. 10.1 provides a uniform mechanism for indexing an audio tape to allow parties to refer the reviewing court to the specific time or index number at which the statements are made, it will be necessary to continue to follow the procedure of the Vermont Supreme Court that the parties provide a transcript of any specific portion to which they wish to refer in their briefs, for oral proceedings recorded by audio tape, by court reporter, or by video tape if the total duration exceeds twelve hours.

Thus, in the present case, the record of the oral proceedings consists of the seven audio tapes for the proceedings held on June 17, 2003, on July 17, 2003 and on August 19, 2003. The Randolph DRB has the duty to arrange for the preparation of a transcript (by a disinterested transcriber) of all or any part of the audio tape of the DRB hearings upon the request of and payment by any party.

Motion to Strike Partial Transcript

Appellee-Applicant moves the court to strike the affidavit of Jonathan Walters dated April 8, 2004 and the partial transcript of the June 17, 2003 hearing produced by Appellants attached to it. As discussed above, the parties may, but are not required to, request and submit an officially-prepared transcript of portions of proceedings to support their arguments in this appeal. However, while a party if free to privately produce a transcript for that party's own use in preparing that party's memoranda or in determining which portions to request to be officially prepared, such a privately-produced transcript may not be filed with or provided to the Court. To the extent that this Court's practice has been to the contrary in a few previous on-the-record appeals in which this question was not raised, that practice is superseded by this decision. Appellee's Motion to Strike Partial Transcript is therefore GRANTED.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Ruling on Transcript Production is GRANTED in that the ruling is provided as stated above, and that Appellee-Applicant's Motion to Strike Partial Transcript is GRANTED. We will proceed to consider the motions for summary judgment filed in this matter. If anything stated in this decision suggests to the parties a need for a telephone conference in advance of the Court's consideration of the motions for summary judgment, they should so advise the Court and it will be held on October 19, 2004.

Done at Barre, Vermont, this 8th day of October, 2004.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    2004, No. 115, §107.

2.    The rules applicable to the Vermont Environmental Court are being amended to implement the statutory changes relating to consolidated environmental appeals and revisions of land use development law. 2004, No. 115.

3.    It will be helpful for V.R.A.P. 10.1, V.R.C.P. 74(d) and 79.3, 4 V.S.A. 803, 24 V.S.A. §1205(c), Administrative Order 19, and any applicable 'directive' of the Court Administrator to be reconciled in the design of a rule governing the record of oral proceedings and transcript production for appeals on the record in Environmental Court.

4.    See, e.g., Diamond v. Liberty Nat'l Bank & Trust Co., 228 Ga. 533, 536, 186 S.E. 2d 741, 743 (1972). In a dispute over the failure of a court reporter to timely produce the transcript, the

court noted that not only was there no duty on a litigant "to take the recordings of the evidence from the reporter and have them transcribed by typists employed by the litigant" but that "[i]n fact, such a practice could not be allowed." See also Anderson's American Law of Zoning §27.26 (Young, ed., 4th ed. 1997).