40372. MISSISSIPPI TANK COMPANY, INC. v. WHITE, d/b/a DIXIE GAS COMPANY.

DECIDED NOVEMBER 4, 1963.

B. *Daniel Dubberly, Jr., Albert Sidney Johnson,* for plaintiff in error.

*J. Max Cheney,* contra.

EBERHARDT, Judge. ■ Headnote 1 requires no elaboration.

■ In the state of the record, jury questions on material issues were presented by the evidence and the motion for judgment n.o.v. must fail.

■ Inasmuch as the defendant's evidence disclosed that one of the tanks plaintiff was notified to pick up had been used, thereby rendering the defendant liable for it even under his con-

tentions that there had been a mutual departure from the terms of the written contract, as set out in his amended answer, to the effect that the tanks consigned to the defendant were to be paid for by him "in the event the tanks were used, sold, leased or moved" at a price to be fixed at that time, the verdict for the defendant was not authorized and a new trial must be granted on the general grounds.

■ The three special grounds of the motion for new trial, all complaining of the erroneous admission of evidence without stating what objection was made to the evidence when it was offered and without any reference to the place in the record where the objections can be found, present no question for decision and are not passed upon.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*