23169. WARREN v. ANDERSON et al.

Argued October 11, 1965—Decided November 10, 1965.

*J. H. Highsmith, C. E. Symmes, Anthony A. Alaimo,* for plaintiff in error.

*W. Glenn Thomas, Sr., Dan S. Cowart,* contra.

Grice, Justice. This is a dispute between adjoining landowners over their dividing line.

Litigation began when Birdie Warren filed suit in the Superior Court of Wayne County against A. E. Anderson, Foster Anderson and Brantley Anderson, alleging that she owned certain described land on the western side of Land Lot 384 in the Third Land District of Wayne County and that the defendants owned three described tracts of land in Land Lot 385, adjoining her

on the west. She asserted that the dividing line between her property and that of the defendants, as to two of their tracts, was as shown on certain plats referred to in their deeds and, as to their third tract, was a specified line. She prayed that the dividing line between her property and that of the defendants be thus adjudged, and for certain injunctive relief.

The defendants responded, asserting that the dividing line is approximately five chains east of that contended for by the plaintiff, and praying that the line be adjudged accordingly and that the plaintiff be enjoined from trespassing on their lands.

The trial resulted in a verdict for the defendants. The plaintiff assigned as errors the denial of her motion for judgment notwithstanding such verdict and also denial of her amended motion for new trial.

■ There was ample evidence, as we evaluate it, to support the verdict.

Both sides claimed that the dividing line was the original north-south line dividing Land Lots 384 and 385. Thus, the only issue was the location of that line. The plaintiff contended that the defendants were bound by plats referred to in their deeds which showed the north line (running from east to west) of Land Lot 385 as approximately 65 chains and that there were landmarks showing a line at that location. The defendants relied on the original land grant to this property which called for 70 chains and on contended landmarks denoting the line accordingly.

The evidence took a broad range and was replete with references to corner stations and other landmarks, plats reciting courses and distances, general reputation as to ancient landmarks, possession, and other such matters. However, the evidence was conflicting in essential features, particularly as to possession, and as to the landmarks, both present and ancient, relied upon by the respective parties to establish the lines contended.

This evidence presented a question of fact for the jury to resolve in the light of *Code* § 85-1601, which enunciates rules in cases of disputed lines. It provides that ". . . Natural landmarks, being less liable to change, and not capable of counter-

feit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the course and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence."

The evidence being in conflict, the denial of the plaintiff's motion for judgment notwithstanding the verdict and the general grounds of her motion for new trial were proper.

■  One of the special grounds of the motion for new trial complains of the following charge by the court: "I charge you further that courses and distances, depending for their correctness on a great variety of circumstances, are constantly liable to be incorrect. Differences in the instruments used, and in the care of the surveyors and their assistants tend to lead to different results." The complaint is that the language "liable to be incorrect" was an expression of opinion by the judge as to the correctness of the defendants' plats; that it erroneously induced the jury to find against the plaintiff's contentions, deprived the jury of their right to determine which evidence they should believe, and induced the jury to discredit the plaintiff's evidence.

We cannot agree that this language was erroneous.

It was taken verbatim from *Riley v. Griffin*, 16 Ga. 141 (60 AD 726), headnote 13: "Courses and distances, depending for their correctness on a great variety of circumstances, are constantly liable to be incorrect; difference in the instrument used, and in the care of surveyors and their assistants, lead to different results."

This ground of the motion was without merit.

■  The second special ground of the motion for new trial is predicated upon another portion of the charge: ".  .  . this case involves an issue as to the location of a boundary line, and does not involve an issue as to title to land." The plaintiff contends that this language was incorrect since the case involved title to land as well as the location of the dividing line between the parties, and therefore, that such charge erroneously deprived her of one of her contentions in the case.

This statement, even if erroneous, was not harmful to the plaintiff. It could not have misled the jury as to the question they had for determination—the location of the dividing line between Land Lots 384 and 385.

The denial of this ground was proper.

*Judgments affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*