### 47489.   GILMORE v. THE STATE.
### 47490.   McAULIFFE v. THE STATE.

CLARK, Judge. These companion cases present for consideration the dismissal by the trial judge of the appeals to

this court filed by two defendants. Appellants make three contentions: (a) Application for extension of time for filing the transcript of evidence was timely made; (b) any delay was attributable to the court reporter and not to counsel; and (c) the order of dismissal is a violation of defendants' constitutional rights in failing to grant them due process.

Following verdicts of guilty and entry of sentences in separate cases each of the defendants filed notice of appeal. Five applications for extension of time for filing transcript of evidence were made and granted. The last orders of the court dated March 30, 1972, contained the usual language granting the additional extension for a period of 30 days. This made the expiration date April 29, 1972, which was a Saturday. "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday." *Code Ann.* § 81A-106 (a). Therefore, Monday, May 1, 1972, was the last day of the 30 day period.

The following developments are quoted from the trial court's dismissal order dated May 31, 1972:

"Counsel for the appellant, on May 1, 1972, came to the chambers of this court to present an application for extension of time for filing transcript. Not finding the court present, counsel did not leave the application with the secretary of the judge of this honorable court, or leave a message for this court to call him.

"On May 1, 1972, the court was present in its chambers at various times throughout the day, including a period of time following counsel for appellant's attempt to present the application for extension of time for filing transcript.

"On May 3, 1972, counsel for the appellant did make personal contact with the court and present an application for extension of time for filing transcript. An order was signed on May 3, 1972, granting said extension for a

period of 30 days; however, the order bore the date of May 1, 1972, and through inadvertence the correct date was not inserted. On May 26, 1972, the District Attorney of Muscogee County, Georgia, filed a motion to dismiss defendant's appeal and a hearing was set down on said motion at 10:00 a.m., May 31, 1972. The basis for the district attorney's motion was that notwithstanding the fact that the defendant's application for extension of time for filing transcript was dated May 1, 1972, the same did not fall within the 30-day extension of time granted by the order of March 30, 1972, and the same was not signed until May 3, 1972.

"At said hearing, the aforesaid facts were stipulated by the district attorney and defense counsel as true and correct. It was further stipulated that under the rules of local court each individual judge handles all extensions of time granted in the original case, as well as all other matters on appeal. Upon stipulation as aforesaid, it is

"Ordered, adjudged and decreed that defendant's application for extension of time was not within the 30-day extension granted by the previous order of this court on March 30, 1972, and that the motion to dismiss the appeal is sustained, and said appeal is hereby dismissed."

These appeals are from the dismissal orders of May 31, 1972. *Held:*

1. "Any application . . . for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21). "[The Supreme Court] has repeatedly held that the provisions of this Act are mandatory and unless complied with the appeal must be dismissed. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); and *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14)." *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8). See also *Hardy v. D. G. Machinery &c. Co.,* 224 Ga. 818 (165 SE2d 127) and *Hardwick v. State,* 227 Ga. 467 (181 SE2d 376). The mandatory nature of this provision

is shown in our court having emphasized the words "must be made before expiration" in *Martin Theaters v. Lloyd,* 118 Ga. App. 835, 836 (165 SE2d 909). Recent cases in this court conforming with such ruling are *Abel v. J. H. Harvey Co.,* 126 Ga. App. 115 (190 SE2d 87) and *Bretz v. Fitzgerald,* 126 Ga. App. 367 (190 SE2d 619).

If the application is timely presented to the court, it does not have to be signed immediately by the judge as the order may be entered after the expiration of the period. *Elliott v. Leathers,* 223 Ga. 497, 501 (156 SE2d 440). But as was held in *Baxter v. Long,* 122 Ga. App. 500 (177 SE2d 712), a nunc pro tunc entry cannot be used to correct a failure to comply with the mandatory requirement of timely presentation.

In the present instance the temporary absence from chambers of the trial judge is not sufficient to constitute a legal excuse. It must be remembered that a day consists of 24 hours, from midnight to midnight (*Dinkler v. Jenkins,* 118 Ga. App. 239 (163 SE2d 443)) and Georgia judges frequently have had home visits from attorneys after hours for obtaining necessary judicial signatures.

Recognizing the expressed legislative intent in the Appellate Practice Act of 1965 for liberal construction "so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case. . ." (*Code Ann.* § 6-905), the rules of our appellate courts were modified on March 2 of this year to provide that "appellee shall be deemed to have waived any failure. . . relating to the filing of the transcript of evidence unless objection thereto was made and ruled upon in the trial court prior to transmittal." The district attorney having made the objection to the trial court in conformity with this rule, the judge below properly sustained the dismissal motions. See also *Johnson v. State,* 122 Ga. App. 785 (178 SE2d 743) and *Blake v. State,* 123 Ga. App. 269 (180 SE2d 578).

In *McDonald v. Rogers,* 229 Ga. 369 (191 SE2d 844), our Supreme Court pointed out (p. 375) that "objections of

this nature must be made in the trial court and a ruling obtained prior to the transmittal of the record, or the objection is deemed to be waived." In order to give guidance to the Bar the Supreme Court opinion points out (p. 376) that under this new rule requiring the motion to dismiss to be presented to the trial court that thereafter the proper procedure in reviewing a trial judge's refusal to dismiss the appeal is "by motion to dismiss . . . accompanied by the record in connection with the hearing by the trial judge." It is further pointed out that in such motions to dismiss the movant can assert "the reasons why he contends that the trial judge erred in refusing to dismiss the appeal."

As we have pointed out in the case sub judice the objection was made in the trial court and we have a record for consideration which not only shows the facts but includes the trial judge's dismissal order reciting all of the facts.

2. Defendants argue that since the delay was not attributable to counsel but to the court reporter, they should be excused for their failure and the appeals should not be dismissed. This contention has been expressly rejected by both the Court of Appeals and the Supreme Court of Georgia. "While they may not have been chargeable with the delay of the reporter in transcribing and delivering the transcript, it was wholly within their power and it was their duty to make a timely application as the statute requires, and failure to do that is delay attributable to them. *Meltzer v. C. Buck LeCraw & Co.*, 225 Ga. 91 (1) (166 SE2d 88)." *Baxter v. Long*, 122 Ga. App. 500, supra, hn. 5. See also *Fett v. Daniel*, 226 Ga. 729 (177 SE2d 240) and *Fahrig v. Garrett*, 224 Ga. 817 (165 SE2d 126).

3. We cannot consider the enumeration attacking the constitutionality of the statutory mandatory time requirement, for in order to question the constitutionality of a statute "three things must be shown: '(1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution which

it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violated such constitutional provision.' *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773, 774 (94 SE2d 677)." *Williams v. State*, 217 Ga. 312, 313 (122 SE2d 229). In accord are *Stegall v. Southwest Ga. &c. Housing Authority*, 197 Ga. 571, 582 (30 SE2d 196); *Abel v. State*, 190 Ga. 651 (10 SE2d 198); *Emerson v. Southwest Ga. &c. Housing Authority*, 196 Ga. 675 (27 SE2d 334); *Taylor v. Moultrie Tobacco Sales Board*, 227 Ga. 384, 385 (180 SE2d 737). Here defendants have not complied with No. 3 to show how due process was violated as to them. *Buchanan v. Heath*, 210 Ga. 410 (2) (80 SE2d 393).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 21, 1972—REHEARING DENIED OCTOBER 10, 1972—

*Grogan, Jones & Layfield, John C. Swearingen, Jr., for appellants.*

*E. Mullins Whisnant, District Attorney, William J. Smith, for appellee.*