## 28839. SOUTHEASTERN PLUMBING SUPPLY COMPANY v. LEE et al.

GUNTER, Justice.

The Court of Appeals has certified five questions to this court relating to the dismissal of an appeal for the late filing of a transcript of proceedings in the trial court.

In this case the trial court extended the time for the filing of the transcript through August 24, 1973. The transcript was actually filed on September 24, 1973. This late filing issue was not raised in the trial court, but the appellee filed a motion to dismiss the appeal in the Court of Appeals.

Rules 11(c) of this court and the Court of Appeals are identical. They were effective March 2, 1972, and they are as follows: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the appellate practice act relating to the filing of the transcript of the evidence and proceedings or

transmission of the record to this court unless objection thereto was made and ruled upon in the trial court prior to transmittal." Code Ann. §§ 24-3611 and 24-4511.

I.

The first question propounded is as follows: "As the holding in three full-bench decisions by the Supreme Court of Georgia (*Fahrig v. Garrett,* 224 Ga. 817-818 (165 SE2d 126); *Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818-819 (165 SE2d 127); *Cox Enterprises, Inc. v. Southland, Inc.,* 226 Ga. 794, 797 (177 SE2d 653)), rendered after enactment of Georgia Laws 1968, pp. 1072-1074, proceed with dismissals of appeals for late filing of transcript and proceedings, under the 'responsibility of this Court under the Constitution,' with disregard for the above *statute,* is the statute binding on the Court of Appeals or are the three full-bench decisions by the Supreme Court of Georgia binding on the Court of Appeals?"

Answer: The statute and the three decisions of this court referred to in the first question are not binding upon the Court of Appeals. We consider Rules 11 (c) binding upon both courts. The adoption of Rules 11 (c) in March of 1972 effected a procedural change in the appellate review process. The adoption of this rule by this court did not affect the inherent power vested in the judicial department of our government.

In *Taylor v. Columbia County Planning Comm.,* 232 Ga. 155 (205 SE2d 287), (decided April 23, 1974, after the questions in the present case were certified by the Court of Appeals), this court, by a divided vote, reasserted the inherent power of the judiciary to adopt rules requiring the dismissal of appeals. In *Taylor* the Chief Justice, speaking for the majority, said: "Duty impels us to state that the judicial powers of this court cannot be nullified by construing the foregoing statutes so as to prohibit courts from dismissing appeals except for one or more of the reasons stated therein. The very essence of the doctrine of separation of powers is that neither the judicial branch nor the legislative branch can tell the other how to operate. Thus, since the General Assembly is not empowered by the Constitution to dictate to the judiciary how to write its opinions, or what form its

decisions must take, this court may affirm, reverse, transfer or dismiss cases as it deems proper. These are matters which address themselves solely to the judicial branch of our state government." P. 157.

Prior to March 2, 1972, the late filing of a transcript, and nothing appearing in the record as the cause for the lateness, was deemed to have been caused by the appellant or his counsel in accordance with the constitutional provision contained in Code Ann. § 2-3705. Since March 2, 1972, the cause for late filing of a transcript is, pursuant to the rules of both appellate courts, a fact issue for determination in the first instance in the trial court. And if the late filing issue is not raised and determined in the trial court, then the appellee is deemed to have waived that issue, and the appellee cannot assert that issue in the appellate court.

The Georgia Constitution (Code Ann. § 2-3708) provides that the powers, practice, and procedure of the Supreme Court are applicable to the Court of Appeals, except as otherwise provided in the Constitution or by law. The Georgia Constitution (Code Ann. § 2-3704) also provides: "It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court."

We therefore think it quite plain that since March 2, 1972, Rules 11 (c) of both appellate courts prevail, and the statute and decisions cited in the first propounded question are not controlling.

## II.

The second question propounded is as follows: "As these three full-bench decisions by the Supreme Court of Georgia have not been overruled, under the above quoted provision of the Constitution of Georgia (Code Ann. § 2-3708) and under *Cargile v. State,* 194 Ga. 20 (1) (20 SE2d 416) are these *decisions* by the Supreme Court binding on the Court of Appeals?"

Answer: This question is answered by the answer to the first question. Since March 2, 1972, the three cited decisions are not binding upon the Court of Appeals.

## III.

The third question propounded is as follows: "Even though the Supreme Court of Georgia, in 1972, promulgated Rule 11 (c) for its guidance, which appears to be directly in conflict with *Fahrig,* supra; *Hardy,* supra; and *Cox Enterprises,* supra, is the Court of Appeals bound by the three above full-bench *decisions* of the Supreme Court of Georgia, or is it bound by Rule 11 (c) of the Supreme Court of Georgia?"

Answer: This question is also answered by the answer to the first question. Rules 11 (c) of both appellate courts are controlling.

## IV.

The fourth question propounded is as follows: "Inasmuch as Rule 11 (c) provides that '*Appellee* shall be deemed to have waived, etc.' would this rule prevent the *Court of Appeals* from dismissing an appeal, when the transcript and proceedings have not been timely filed in the lower court through the fault of the appellant although the question was not raised in the lower court; and regardless of *Appellee's* waiver, would the Court of Appeals have the right to face up to its own responsibility under the Constitution (as was done by the Supreme Court in *Fahrig,* supra) and dismiss the appeal on its own initiative, despite appellee's waiver?"

Answer: Rules 11 (c) of both courts do prevent a dismissal of an appeal for the late filing of a transcript unless that issue was raised and determined in the trial court. Since March 2, 1972, the cause for delay in the processing of the appeal is a fact issue for determination in the trial court. Prior to that date, the decisions of this court had established a conclusive presumption of fault on the part of the appellant. This presumption was dissolved by the adoption of Rule 11 (c). The Court of Appeals does not have the right to dismiss an appeal on its own initiative when Rule 11 (c) clearly provides that the dismissal issue shall have first been raised and ruled upon in the trial court.

## V.

The fifth question propounded is as follows: "Does Supreme Court Rule 11 (c) have the effect of overruling the cases of *Fahrig v. Garrett,* 224 Ga. 817-818, supra;

*Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818-819, supra, and *Cox Enterprises, Inc. v. Southland, Inc.,* 226 Ga. 794, 797, supra, on the matter of dismissals by the appellate court where the matter has not been raised in the trial court?"

Answer: The cited cases have not been overruled, and they prevailed until March 2, 1972. On that date this court, pursuant to its inherent authority, changed the procedure for determining the late filing issue and changed what was "a presumption of fault on the part of the appellant" to an issue of fact for determination in the trial court.

The purpose of the rule change of March 2, 1972, a change carefully considered by this court, was to eliminate a conflict between the Appellate Practice Act and the decisions of this court and, at the same time, preserve the principle of separation of powers between the legislative and judicial departments in our system of government.

*Certified questions answered. All the Justices concur, except Hall, J., who concurs specially.*

SUBMITTED MAY 1, 1974 — DECIDED SEPTEMBER 3, 1974.

*William P. Smith, III,* for appellant.
*Scott Walters, Jr.,* for appellees.

HALL, Justice, concurring specially.

In my opinion the three decisions of this court cited in the certified question were overruled by the adoption of Rule 11 (c) in March of 1972. I see no conflict with Rule 11 (c) and the Appellate Practice Act of 1965, as amended by Ga. L. 1968, pp. 1072-1074.

The purpose of the statute was to eliminate the *automatic* dismissal of an appeal by one of the appellate courts for the failure of a party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court[1] and to provide for a

---

[1] Order of court refers to an order of the trial court in extending the time for filing the transcript in the trial court. See Code Ann. § 6-806.

means of determining the reason for the delay in the trial court. Rule 11 (c) merely provides that if the issue of the late filing of a transcript is not raised and ruled upon in the trial court prior to transmittal it is waived. The only way to raise the question of the late filing of a transcript is under the provisions of the statute (Code Ann. § 6-809) and the losing party has a right to appeal the trial court's ruling on this question to the appropriate appellate court. See *McDonald v. Rogers,* 229 Ga. 369 (191 SE2d 844); *Gilmore v. State,* 127 Ga. App. 249 (193 SE2d 219).