29726. TAYLOR et al. v. WHITMIRE.

GUNTER, Justice.

The issues in this case are whether appellee's motion to dismiss the appeal in this court should be granted on the ground that the notice of appeal was not timely filed and whether it was error for the trial court to grant appellee's motion to dismiss the appeal on the ground that

the transcript was not timely filed.

This case arises from a landline dispute. Initial litigation was terminated by a court judgment based on a settlement by the parties. The present litigation began when appellee filed suit to have appellants held in contempt of that judgment and seeking damages and injunctive relief. Appellants failed to file an answer and were found in default when the case came on for hearing. Judgment granting injunctive relief was entered for appellee based on the default. A trial was held on the issues of damages and contempt, after which judgment was entered finding appellant J. C. Taylor in contempt and awarding $500 general plus $1250 punitive damages against him.

Appellants filed a motion for a new trial, which was denied. Appellants filed a timely notice of appeal but failed to file the transcript within 30 days thereafter (Code Ann. § 6-806) and failed to obtain an extension of time for filing (Code Ann. § 6-804). On motion of appellee, the trial judge dismissed the appeal.

Appellants moved to vacate the order of dismissal, and the motion was denied. Technically, the present appeal is from this last order, although in substance it is from the dismissal of the appeal.

Appellee has moved to dismiss the appeal in this court on the ground that the notice of appeal was filed too soon. The order of the trial court recited in the notice of appeal was entered on January 6, 1975. The notice of appeal was filed on January 3. The motion is denied. *Gillen v. Bostick,* 234 Ga. 308.

Appellants' only justification for failing to file a transcript on time in the trial court is an alleged oral agreement with opposing counsel that the time for filing would be extended. The record does not show such an agreement, appellee denies that there was one, and no order extending the time of filing was ever entered. Under Rule 11 (c), "the cause for delay in the processing of the appeal is a fact issue for determination in the trial court." *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, 629 (208 SE2d 449) (1974). Appellants having offered no adequate justification for failing to file the transcript on time, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1975 — DECIDED MAY 20, 1975.

*Martin W. Welch,* for appellants.
*McClure, Ramsay & Struble, Robert B. Struble, John A. Dickerson,* for appellee.