## 30202. GILMAN PAPER COMPANY v. JAMES.

INGRAM, Justice.

This litigation began with an equitable complaint filed by the appellee in the Superior Court of Clinch County, alleging that appellant had wilfully and maliciously entered upon the appellee's land, felled and removed the timber and had continued acts of trespass thereon for which the appellee sought actual and punitive damages and injunctive relief. The appellee alleged that he was, and had been for more than 23 years, the owner and possessor of the 1.10 acres of land described in the complaint. The appellant denied, in its answer, that the appellee owned the land described and alleged that it owned the land in dispute and also alleged it had not trespassed on land owned by the appellee.

The case went to trial before a jury and it returned a verdict in favor of the appellee whereupon judgment was entered thereon granting a permanent injunction and awarding the appellee $1,000 actual damages and $5,500 punitive damages. A direct appeal followed to this court after some delay in the preparation and filing of the

transcript of evidence in the trial court.

The appellee moved in the trial court to dismiss the appeal because the transcript was not timely filed. It was four days late. The trial court denied the motion and appellee now seeks to dismiss the appeal in this court upon the same ground urged in the trial court. We decline to do so. "Since March 2, 1972, the cause for delay in the processing of the appeal is a fact issue for determination in the trial court." *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, 629 (208 SE2d 449) (1974). See also *Taylor v. Whitmire,* 234 Ga. 449, 450 (216 SE2d 310) (1975). Appellee earnestly insists that the trial court abused its discretion by denying the motion to dismiss. The denial of the motion by the trial court, in effect, determined that the four-day delay in filing the transcript was not unreasonable and was excusable. We have reviewed the evidence considered by the trial court on the motion to dismiss and conclude there was no abuse of discretion in denying the motion.

We note the appellee filed no appeal from the trial court's order refusing to dismiss the appeal but rather filed in this court a new motion to dismiss the appeal as suggested in *McDonald v. Rogers,* 229 Ga. 369, 376 (191 SE2d 844) (1972), and *Gilmore v. State,* 127 Ga. App. 249, 253 (193 SE2d 219) (1972). After a thorough reconsideration of that suggested procedure, we have determined that it must be disapproved. The basic function of appellate courts is to correct errors of law committed in trial courts. If a trial court commits an error of law by abusing its discretion in ruling on a motion to dismiss an appeal under Code Ann. § 6-809, an appeal should be filed from the order of the trial court by the losing party as provided by law. The language in *McDonald,* supra, and *Gilmore,* supra, to the contrary is expressly disapproved. As stated by Justice Hall in his special concurrence in *Southeastern Plumbing Supply Co. v. Lee,* supra: "The only way to raise the question of the late filing of a transcript is under the provisions of the statute (Code Ann. § 6-809) and the losing party has a *right to appeal* the trial court's ruling on this question to the appropriate appellate court." (Emphasis supplied.) See, e.g., *Johnson v. Clements,* 135 Ga. App. 495 (1975).

Appellant first contends the evidence is legally insufficient to authorize the verdict and judgment in favor of the appellee. The appellee first argues that this court should not review the sufficiency of the evidence because the trial court did not pass on it in a motion for new trial and therefore this court cannot reach it as an error of law for correction. We disagree with this argument. The appeal is from the judgment entered on the verdict by the trial court and when the trial court entered its judgment on the verdict it necessarily approved the legal sufficiency of the evidence. "The entry of judgment on a verdict by the trial court constitutes an adjudication by the trial court as to the sufficiency of the evidence to sustain the verdict, affording a basis for review on appeal without further ruling by the trial court." Code Ann. § 6-702 (a). See *Hickman v. Frazier,* 128 Ga. App. 552 (2) (197 SE2d 441) (1973).

The appellee urges that if the sufficiency of the evidence is reviewable on direct appeal it is more than adequate to support the verdict. Thus we look next to the evidence and measure it by the rule that, "after rendition of a verdict, all of the evidence and every presumption and inference arising therefrom, must be construed most favorably towards upholding the verdict." *American Appraisal Co. v. Whitley Const. Co.,* 126 Ga. App. 398, 399 (190 SE2d 838) (1972).

The parties are adjoining landowners in Land Lot 335, 12th District of Clinch County and the principal dispute between them is the location of the common line dividing their properties on the ground since their paper titles show no encroachment. Appellant's land is on the west side of the Jamestown-Argyle Road and appellee's land is on the east side of the road. The problem arose because of the relocation of a section of the road to a new location east of the old road bed to the location where the present road lies. Appellee claims westerly to the old road and appellant claims easterly to the new road. The area in between the old and new roads, which is the property in dispute, consists of the 1.10 acres where the timber was cut and removed by appellant. We have reviewed the transcript of the evidence and find it legally sufficient to support the jury's verdict in favor of appellee's claim of

ownership to the disputed area and the actual damages resulting from the cutting of the timber thereon by appellant. However, the evidence is insufficient to support a finding that the appellant wilfully and maliciously trespassed upon the disputed land.

To authorize the imposition of punitive damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights. This excludes good faith and honest belief on the part of a defendant as to its ownership of the property in dispute. See *Investment Securities Corp. v. Cole,* 186 Ga. 809, 810 (199 SE 126) (1938). See also *White Stores v. Meadows,* 127 Ga. App. 841 (195 SE2d 198) (1937). The evidence falls short of this standard as there was a bona fide dispute as to the ownership of the property. See, *Standard Oil Co. v. Mount Bethel United Methodist Church,* 230 Ga. 341 (196 SE2d 869) (1973). And cf. *Shearer v. Griffin,* 233 Ga. 47 (210 SE2d 5) (1974).

Appellant argues that the testimony of one of the appellee's witnesses, W. H. Vinson, should have been excluded on the ground that his testimony was based on hearsay. It is not clear from the transcript that the trial court actually ruled on this objection. However, even if we consider that the trial court overruled this objection, the witness' testimony was admissible. The witness testified in part to declarations, made to him a number of years ago by a now deceased predecessor in title to appellant regarding the location of the line between the properties, that are in derogation of the line as now contended by appellant. This testimony was the basis of appellant's objection and it was admissible as an exception to the hearsay rule. See Code Ann. § 38-313; *Deaton v. Swanson,* 196 Ga. 833, 837 (28 SE2d 126) (1943); and *Hightower v. Williams,* 98 Ga. App. 44, 45 (104 SE2d 631) (1958).

We have reviewed all the enumerations of error and found them to be without merit. Each enumeration has not been discussed individually as many of them were considered together in reviewing the legal sufficiency of

the evidence and the verdict and judgment in favor of the appellee. One enumeration of error dealing with a plat relied upon by the appellee at trial was separately considered in light of appellant's assertion that the plat was inadmissible and the surveyor who made the plat should not have been permitted to testify about it. Appellant contends that the surveyor's testimony shows the plat was made by reference to points on the ground and that the surveyor did not refer to the deeds of the parties in making the plat.

We think the plat and the surveyor's testimony in regard thereto were clearly admissible in evidence. The surveyor testified, without objection, that over the past several years he had been acting as county surveyor in Clinch County. He testified that the plat, which was introduced in evidence, was a true and correct copy of the survey he made of the land in dispute and represented the conditions he found on the ground. Although the plat contains no surveyor's seal or stamp, it is dated, signed by the surveyor who made it, shows the scale to which it is drawn and contains the usual survey information as to compass directions and courses and distances shown thereon. It is not clear that the survey was made under order of court so as to make the plat admissible under Code Ann. § 23-1112. See *Sutton v. City of Cordele,* 230 Ga. 681 (5) (198 SE2d 856) (1973). However, it was admissible as an unofficial document for whatever it may have been worth as a pictorial representation of conditions found on the ground by the surveyor. See *Durden v. Kerby,* 201 Ga. 780, 782 (41 SE2d 131) (1947); and *Fountain v. Bryan,* 229 Ga. 120 (1) (189 SE2d 400) (1972). Thus it was not error to admit the plat, and the testimony of the surveyor who made it, for the jury's consideration.

The judgment is affirmed with direction that it be amended, within 10 days from the date the remittitur is filed with the trial court, to strike therefrom the punitive damages of $5,500 awarded to the appellee by the jury's verdict. Otherwise, the judgment is reversed.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED OCTOBER 1, 1975 —

*Robert W. Harrison, Jr.*, for appellant.
*Jack J. Helms,* for appellee.