## 30619. HELMS et al. v. ROBERTSON.

JORDAN, Justice.

This appeal is from a judgment finding in favor of the probate of a copy of a lost or destroyed will.

Evelyn C. Robertson offered for probate a copy of a will of Mrs. Melza C. Postel, which was alleged to have been lost or destroyed subsequently to the death of the testatrix. Marvin Helms and others filed a caveat, asserting that the testatrix destroyed her will during her lifetime with the intention of revoking it. The Probate Court found in favor of the caveators. On appeal, a jury in the superior court found in favor of probate. The caveators' motion for judgment notwithstanding the verdict, or for new trial, was denied.

The errors enumerated assert the insufficiency of the evidence to authorize the verdict.

1. The motion to dismiss the appeal because of delay in its transmittal to this court is denied. See *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447) (1975).

2. The appellants assert that there was no proof of the will as required by Code § 113-611 in that only one of the witnesses testified that the will was properly executed.

Judge Byron Mathews, Jr., testified that: He drew the will for Mrs. Postel, a carbon copy of which was offered for probate. Mrs. Postel signed the carbon copy, but the names of the witnesses were not on the copy. He was one of the witnesses to the original will. It was witnessed by another person, but he does not recall who the witness was.

The propounder, Mrs. Robertson, testified that she was present when the will was executed and that the other witness to the will was Mr. Charlie Mottola.

Mr. Mottola testified that he does not recall witnessing Mrs. Postel's will. He does recall witnessing some will in Judge Mathews' office.

This evidence was sufficient to prove that the will, a carbon copy of which was offered for probate, was properly executed. *Fletcher v. Gillespie,* 201 Ga. 377, 387 (40 SE2d 45) (1946).

3. The appellants strongly urge that the evidence

did not overcome the presumption of law of revocation arising by the fact that the will could not be found after the death of the testatrix.

This will was executed in July, 1965. The testatrix died in January, 1970. Except for two special bequests, the will placed the estate of the testatrix in trust for the benefit of her sister, Mrs. Bessie L. Helms. At the death of Mrs. Helms, the property remaining in the trust estate was given to Mrs. Robertson, a niece. Mrs. Robertson was appointed executrix and trustee.

There was testimony that the testatrix had stated to several persons that she had destroyed her will. Marvin Helms, one of the caveators, testified that he took an envelope which he had been told contained a will to the testatrix on one occasion when she was in the hospital, and the testatrix told him she was going to destroy the will, but he did not see her do it. He stated that this was not the last time the testatrix was in the hospital.

Mrs. Lola Jones, a witness for the propounder, testified that: The testatrix talked with her about her will a short time before her death. The testatrix pointed out an envelope which she said contained the will, and stated some of its provisions. The testatrix told the witness where she was placing the will, and asked her to get it, in the event of the testatrix' death, and carry it to Mrs. Robertson. The last time the testatrix spoke to her about this matter was a few days before her death, while she was in the hospital, and after she had undergone surgery.

The jury was authorized to find that the will referred to by the testatrix in her conversations with Mrs. Jones was the same will that she had executed in Judge Mathews' office in 1965. There was no evidence that the testatrix had any opportunity to destroy this will after her last conversation with this witness giving instructions concerning it.

The question of whether the propounder carried the burden of overcoming the presumption that the original will was revoked was for the jury. There was evidence to support their verdict for the propounder. Compare *Newton v. Higdon,* 226 Ga. 649, 651 (177 SE2d 57) (1970).

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 19, 1976 — DECIDED FEBRUARY 2, 1976 — REHEARING DENIED FEBRUARY 17, 1976.

*Harold Sheats, Frank Fuller, Edward J. Henning,* for appellants.
*Harvey, Willard & Elliott, Wendell K. Willard,* for appellee.