52155. BLANTON et al. v. MARCHBANKS et al.

MARSHALL, Judge.

Appellant Blanton in his own behalf and as next friend for his minor son Bobby, brings this appeal from the action of the trial judge in directing a verdict for Marchbanks at the conclusion of plaintiff's case and the subsequent denial of a motion for new trial.

The facts reflect that Bobby Blanton was riding his bicycle on the right outside edge of a heavily traveled road in Clayton County at about 5:30 p.m. on the afternoon in

question. The evidence established that numerous cars proceeding in the same direction had passed Bobby without incident. Ms. Marchbanks for reasons not shown by the record suddenly applied her brakes, skidded and the car and the bicycle collided. Bobby asserted he was struck from behind because he never saw the car that collided with his bicycle. He stated he would have seen it if the car had been alongside. Bobby's only knowledge of the incident was that he was riding his bicycle in a normal fashion when suddenly he was violently propelled straight forward over the handlebars. No horn was sounded at or just before the incident. Two partial eyewitnesses stated all they saw was the boy flying through the air. One of these witnesses stated she heard the squeal of brakes and that is what attracted her attention. There was a dispute as to whether there was damage to the front and rear of the bicycle or only to the front. Bobby and his father both stated that only the front of the bicycle required repairs. Another witness, who removed the bicycle from the scene, stated the rear wheel was bent and would not freely turn.

The trial court, holding that the Blantons had presented no affirmative eyewitness testimony that Ms. Marchbanks was negligent in any particular manner, upon motion, directed a verdict for Marchbanks. Blanton enumerates four errors. The first two relate to the directing of these verdicts and the denial of the motion for new trial. The third relates to the alleged erroneous exclusion of evidence by the trial court. The fourth has been expressly abandoned. *Held:*

1. Marchbanks has filed with this court as well as the court below a motion to dismiss the appeal. The basis of the motion is that Blanton failed to provide for the filing of the transcript following his notice of appeal. It is noted that the direction of the verdict for Marchbanks occurred on September 10, 1975. The motion for new trial was denied on November 17, 1975. Blanton filed a pauper's affidavit on December 4, 1975. A notice of appeal was filed on December 9, 1975. An order requesting extension of time to file the transcript was filed on February 4, 1976, but never signed by the trial judge. The motion to dismiss filed by Marchbanks was denied on February 1, 1976, and

the trial court directed the clerk to transmit the appeal. The court in its February 17 order expressly recognized a "proper application for extension of time" as having been filed on February 4, 1976, and apparently ratified the earlier motion for extension of time. See *Altamaha Convalescent Center, Inc. v. Godwin,* 137 Ga. App. 394, 395 (1) (224 SE2d 76).

Marchbanks complains that the transcript properly was not filed because the clerk refused to transmit the transcript until Blanton paid costs. However, there is no indication in the record that Blanton's pauper's affidavit filed on December 4, 1975, was frivolous or not accepted by the court. The record does not disclose whether Blanton ultimately paid costs or whether the record and transcript were transmitted pursuant to the order of the trial court of February 17, 1976. In any event, the cause for delay in the processing of an appeal is a fact issue for determination in the trial court. *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, 629 (208 SE2d 449). See also *Taylor v. Whitmire,* 234 Ga. 449, 450 (216 SE2d 310). We conclude the trial court did not abuse its discretion in denying the motion to dismiss the appeal. *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447). Likewise, we deny the motion to dismiss the appeal. *Helms v. Robertson,* 236 Ga. 297 (223 SE2d 636).

2. As we view the controversy in this case, conflicts in the evidence as to material issues are presented. This is a rather typical rear-end collision. The evidence as to how it happened is conflicting. If Blanton's story is accepted, Bobby was riding his bicycle in a prudent manner when he was struck from behind by Ms. Marchbanks. Thus, it would appear that Ms. Marchbanks unlawfully (i.e., negligently) struck Bobby's bicycle resulting in substantial personal injuries to Bobby and damages to Bobby and his family. If Ms. Marchbanks' theory preponderates (as indicated in the responsive pleadings though her evidence has not yet been presented) either the doctrine of comparative negligence would be involved or Bobby's negligence would exonerate Ms. Marchbanks from all liability. This is not to say that we find evidence of the underlying cause of the injury; whether or not Ms. Marchbanks operated her car in a reckless or negligent

manner or whether there was comparative negligence, or whether Bobby was responsible solely for his own injuries — all these are points which may influence the result in the trial court, and we address none of them. However, it is apropos to quote from the language of *Atlanta Coca Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) where the Supreme Court said, at page 451, "In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause. The history of the decision of the Court of Appeals in this type of case since 1965 convinces us that these issues should be resolved, except in the very rare cases . . ., by the jury and not by trial and appellate judges . . . The trial judge himself made the decision as to liability, the record showing that he made it somewhat reluctantly, and thereby prevented the jury from deciding this issue. We hold that he invaded the province of the jury, and this was error requiring a new trial."

3. The third enumeration asserts that the trial court erred in refusing to allow Bobby to testify that he had been told by doctors that a hollow needle may be inserted into his chest. Appellee's hearsay objection was sustained. Appellant did not offer the evidence to establish that such a procedure was followed or was even contemplated. It was offered to show the state of mind; i.e., the mental fear, pain and suffering allegedly suffered by Bobby because such a procedure was suggested to him. When a conversation or similar evidence contains facts which explain conduct, ascertain motives, or we believe, illuminate a state of mind where that is an issue, these facts are admissible in evidence, not as hearsay, but as original evidence. *Davis v. Farmers &c. Bank,* 36 Ga. App. 415 (4) (136 SE 816); *Willis v. Henry,* 95 Ga. App. 593 (2) (98 SE2d 150). It follows that upon the trial of the issues in this case, such evidence is relevant and admissible insofar as it relates to Bobby's apprehension and fear and in aid of resolving the issue raised by the allegations of damages that Bobby suffered in both his mind and body. *Fuller v. Fuller,* 107 Ga. App. 429, 435 (130 SE2d 520).

For the reasons stated in Division 2 of this opinion, the judgment is reversed.

*Judgment reversed. Pannell, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 1, 1976 — REHEARING DENIED JUNE 23, 1976.

*Carlisle & Carlisle, Ralph E. Carlisle,* for appellants.
*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, James M. Griffin,* for appellees.