### 32137. WILLIAMS v. SWINT et al.

NICHOLS, Chief Justice.

This is an appeal by the propounder of a will from a judgment notwithstanding the verdict which held that the testatrix had revoked her will by physical act of revocation before her death.

Direct evidence submitted by both sides was contradictory. The appellant-propounder offered testimony of a witness which supported the allegation that the will had been destroyed after the testatrix' death; the appellee offered testimony of an eyewitness to the revocation by the testatrix.

1. Both parties admit that Code Ann. § 113-611 essentially provides that when a will has been lost or destroyed, whether before or after the death of the testator, there is a presumption of law that the testator destroyed it with the intention of revoking the will, and the burden of proving to the contrary is on the propounder of the will. See *Lyons v. Bloodworth,* 199 Ga. 44 (33 SE2d 314) (1945).

Whether or not this presumption is rebutted by the evidence offered by the propounder is for the determination of the jury. *Newton v. Higdon,* 226 Ga 649 (177 SE2d 57) (1970). Where evidence is submitted by a proponent of a will in an attempt to overcome a presumption of revocation, "the question whether the presumption has been overcome is for the determination by the jury in view of all the evidence and circumstances of the case, and the credibility attributed by the jury to the witnesses." *Wood v. Achey,* 147 Ga. 571, 573 (94 SE 1021) (1917). This court in *Helms v. Robertson,* 236 Ga. 297, 298 (223 SE2d 636) (1976) said: "[t]he question of whether the propounder carried the burden of overcoming the presumption that the original will was revoked was for the jury," citing *Newton v. Higdon.*

In light of the holdings of the above-cited cases, was the grant of a judgment notwithstanding the verdict by the court below proper? In *Crews v. Crews,* 219 Ga. 459, 463 (134 SE2d 27) (1963), this court held: "Where there is

*any evidence upon which the verdict can be based,* the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict. On such a motion the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered." (Emphasis supplied.) See also *Warren v. Anderson,* 221 Ga. 533 (145 SE2d 536) (1965); *Mississippi Tank Co. v. White,* 108 Ga. App. 609 (134 SE2d 66) (1963) ("If the evidence presents jury questions on material issues, a motion for judgment n.o.v. will not lie."); *Barnum v. Martin,* 135 Ga. App. 712 (219 SE2d 341) (1975).

The evidence in this case presents a situation which is particularly well-suited for submission to a jury. The weighing of conflicting evidence and evaluation of the credibility of witnesses are tasks which are peculiarly within the jury's province. Accordingly, the judgment of the court granting the judgment n.o.v. is reversed.

2. Appellee's contention, raised in oral argument, that the torn condition of the will made impossible any attempt to prove its contents in probate cannot be addressed by an appellate court when the appellee failed to include it as a ground in his motion for directed verdict or in his motion for judgment n.o.v.

*Judgment reversed. All the Justices concur. Bowles, J., not participating.*

ARGUED APRIL 11, 1977 — DECIDED APRIL 27, 1977 — REHEARING DENIED MAY 26, 1977.

*Houston White, Sr., Strother & Weiner, Beryl H. Weiner, John C. Yancey,* for appellant.

*Heyman & Sizemore, Gerald M. Edenfield, George H. Myshrall, Jr.,* for appellees.