*Walter Bolling,* for appellee.

## 35747. HANNERS et al. v. SISTRUNK.

BOWLES, Justice.

Appellants, hereinafter caveators, appeal from a jury verdict affirming an order of the Probate Court of Fulton County granting probate in solemn form to the will of Ernest Conrad Sistrunk. They are nieces and nephews or children of deceased nieces and nephews of the decedent. The propounder of the will is decedent's purported widow.

The evidence at trial showed that in 1970 decedent had executed and had had witnessed both a ribbon and a carbon copy of his will naming the propounder as his principal beneficiary. The executed carbon copy was given to propounder who had it in her possession at decedent's death. The executed ribbon copy, which decedent had kept, was never found. The sole question on appeal is whether there was sufficient evidence to submit the issue of revocation to the jury. The jury found in favor of propounder (no revocation) but caveators contend they were entitled to a directed verdict.

Caveators devote a large portion of their brief to a discussion of whether or not Code Ann. § 113-611, dealing with the presumption of revocation when a *copy* of a will is sought to be admitted to probate, is applicable in this case. Propounder had sought to probate her executed copy of the will as a duplicate original and therefore contended the Code section was inapplicable. Caveators contend that since the ribbon copy in the decedent's possession was the will missing, the presumption of revocation should arise anyway. This issue is not involved in this appeal. The trial court charged the jury under *caveators'* theory and yet the jury found in favor of propounder in any event. Consequently, as stated above, the only issue is whether there was sufficient evidence of failure to revoke to submit the issue to the jury and to support their verdict.

Propounder testified about her fifty-one-year relationship with decedent. She testified that on occasion she would ask decedent where he was keeping his will and

his response would be "you will find it." She further testified that decedent tended to be messy and rather disorganized, keeping quantities of papers, both important and unimportant, in cardboard containers he would obtain from the grocery store. Just prior to going into the hospital for the last time, decedent asked propounder to come to his apartment to care for him, which she did. Propounder testified that in his last illness, decedent spoke of updating his will (decedent having updated his will on prior occasions still naming propounder as a beneficiary). Also during the last illness, an attorney came to the decedent's hospital room and though no new will was prepared, decedent did execute a document naming propounder his attorney-in-fact which remained in effect until his death.

We find this evidence illustrated the improbability that decedent revoked his will and tends to rebut any presumption of revocation raised by the trial court's charge. See *Saliba v. Saliba,* 202 Ga. 791 at 803 and 810 (44 SE2d 744) (1947). The weight of the evidence and the credibility of witnesses is for the jury. We find this evidence sufficient to withstand caveators' motion for directed verdict and to support the jury's verdict in favor of propounder. See *Williams v. Swint,* 239 Ga. 66 (235 SE2d 489) (1977). See also *Saliba v. Saliba,* supra, 202 Ga. at 814.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1980 — DECIDED FEBRUARY 20, 1980.

*Mackay & Elliott, James A. Mackay, Philip R. Cordes,* for appellants.

*E. Dale Dewberry, William S. Rhodes,* for appellee.