**Felicia Scott LEWIS, individually and as Administrator of the Estate of Donnell Lewis, deceased, Plaintiff,**

v.

**SUTTLES TRUCK LEASING, INC. and Reliance National Indemnity Co., successor to Planet Insurance Co., Defendants.**

Civ. A. No. 694–092.

United States District Court, S.D. Georgia, Statesboro Division.

Oct. 3, 1994.

---

Billy N. Jones, Jones, Osteen, Jones & Arnold, Hinesville, GA, Lorenzo Chiarotti Merritt, Statesboro, GA, for plaintiff Felicia Scott Lewis, individually and as Adm'r of the Estate of Donnell Lewis, deceased.

Joseph Patrick Brennan, Marvin W. McGahee, Wiley A. Wasden, III, Brennan & Wasden, Savannah, GA, for defendants Suttles Truck Leasing, Inc., Planet Ins. Co.

### ORDER

EDENFIELD, Chief Judge.

Plaintiff's husband was killed in an automobile collision with a truck owned by Defendant Suttles Truck Leasing ("Suttles"). Plaintiff subsequently brought suit to recover damages and punitive damages from Defendant Suttles and its insurance company for negligence and wrongful death. Suttles apparently concedes its amenability to suit under the doctrine of respondeat superior. Defendants here move for partial summary judgment, claiming that punitive damages are not appropriate under the circumstances of this case. For reasons stated below, the Court **GRANTS** the motion.

### I. Subject Matter Jurisdiction

■ This case was removed from the Superior Court of Tattnall County pursuant to 28 U.S.C. § 1441 et seq. (1990). Because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $50,000, this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), (c) (1990). Georgia state law will govern the substantive claims in this dispute. *See Rhone v. State Auto Mut. Ins. Co.*, 858 F.2d 1507 (11th Cir.1988). The proper interpretation of an issue of state law is a question of state law. Therefore, federal courts sitting in diversity are required to construe the law as the Supreme Court of the state would. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990).

### II. Summary Judgment Standard

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." All evidence must be considered "in the light most favorable to the nonmoving party," with all reasonable doubts resolved in favor of that party. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990). If the evidence favoring the nonmoving party is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986) (subsequent history omitted). A mere "scintilla" of evidence will not suffice to support the nonmovant's position. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

### III. The Facts

On October 30, 1993, decedent Donnell Lewis was driving his Chevrolet S–10 Blazer, alone, south on Georgia Route 73. At the same time, Thomas Walter Monroe, an employee of Defendant Suttles, was also proceeding south on Route 73 in a Freightliner

tractor-trailer rig. Rain made driving conditions less than ideal. At about 5:20 PM, Plaintiff Mrs. Lewis contends that the following occurred: Monroe, in the right southbound lane of Route 73—a four lane highway—attempted to make a U-turn across the paved median. This move required him to cross the left southbound lane of travel on his way to the northbound side. Monroe blocked both southbound lanes with his truck and all but stopped on the roadway. Donnell Lewis—it is unclear what southbound lane he was travelling in—then collided with the rear of the tractor-trailer and was killed.

Defendants present a different story: They agree that Monroe was travelling in the right southbound lane of Route 73, but contend that he never attempted to make a U-turn. Monroe saw a vehicle, presumably in his lane, approaching from the rear at a high rate of speed. When it appeared to the truck driver that this oncoming vehicle had no intention of changing lanes, he decided to shift to the inside lane, apparently to let the approaching vehicle pass. Defendants next state that "[a] collision subsequently occurred when Plaintiff's decedent struck the rear of Monroe's trailer with great force. Plaintiff's decedent made no effort to slow his vehicle or take any action to avoid running into the back of Monroe's trailer." It is unclear from this account how Lewis actually collided with Monroe's truck. It seems the vehicles tried to change lanes simultaneously. Finally, Defendants claim that Donnell Lewis had a blood alcohol content of .17 at the time of the accident.

The Court will not decide which of these scenarios actually occurred, although the Court notes that the police accident report firmly corroborates Plaintiff's version of events. Defendants' Amended Disclosures, Exh. 1. Monroe was even cited for making an illegal U-turn. *Id.* at Exh. 4. The determination need not be made because even under Lewis' version of the facts, punitive damages are not appropriate in this case.

In her brief opposing Defendants' motion for summary judgment, Plaintiff argues that because Monroe made "a flatly unlawful attempt to execute a U-turn," a jury could easily conclude that he committed willful misconduct or displayed a conscious indifference for the rights of others, thus making punitive damages appropriate under current Georgia standards. Plaintiff makes no other argument in support of her punitive damages claim. Accepting, arguendo, that Monroe intentionally acted in a blatantly illegal manner, the Court reviews the relevant law.

### IV. Punitive Damage Awards

Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or 'malice,' or fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton....

. . . .

... [I]t is not so much the particular tort committed as the defendant's motives and conduct in committing it which will be important as the basis of the award.

*Colonial Pipeline Co. v. Brown,* 258 Ga. 115, 121–22, 365 S.E.2d 827, *appeal dismissed,* 488 U.S. 805, 109 S.Ct. 36, 102 L.Ed.2d 15 (1988) (quoting W.L. Prosser & W.P. Keeton, The Law of Torts, 8–11 (6th ed. 1976)).

■ By the Official Georgia Code, it remains the rule that something more than mere commission of a tort is necessary for the imposition of punitive damages. It states:

Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

O.C.G.A. § 51–12–5.1(b) (1992). Negligence alone, even gross negligence, will not support an award of punitive damages. *Colonial Pipeline,* 258 Ga. at 122, 365 S.E.2d 827; *Tower Financial Serv. v. Smith,* 204 Ga.App. 910, 918, 423 S.E.2d 257 (1992), *cert. denied,* 1992 Ga. LEXIS 821 (1992).

■ There is no evidence or allegation of malice, fraud, or oppression in this case, so

we are left with "wilful misconduct" and "conscious indifference" as possible hooks on which to hang a punitive damages claim. A traffic violation, without more, simply does not rise to the level of wilfully illegal behavior contemplated by the Georgia Code. *See, e.g., Currie, et al. v. Haney,* 183 Ga.App. 506, 506, 359 S.E.2d 350 (1987) ("[T]he fact that appellee's car may have crossed the centerline and struck Mrs. Currie's vehicle would not, in the absence of aggravating circumstances, authorize appellants to recover punitive damages.").

As for "conscious indifference," it is defined in Georgia as "an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Hutcherson v. Progressive Corp.,* 984 F.2d 1152, 1155 (11th Cir.1993), *reh'g denied,* 990 F.2d 1270 (1993) (quoting *Gilman Paper Co. v. James,* 235 Ga. 348, 219 S.E.2d 447 (1975)). Again, Monroe's behavior is not of the magnitude contemplated by Georgia's punitive damages statute. For example, in *Buttimer v. Marchi,* CV No. 93–1715–H (State Ct. of Chatham Cty.) (unpublished opinion), the trial court found that speeding and "passing within 100 feet of an intersection" (a traffic violation under O.C.G.A. § 40–6–45(a)(2)) did not constitute any behavior cognizable under O.C.G.A. § 51–12–5.1(b). *Id.* at 4–5. Similarly, in *Coker v. Culter,* 208 Ga.App. 651, 431 S.E.2d 443 (1993), the court affirmed summary judgment for defendant on the issue of punitive damages where defendant, who had been drinking beer and admittedly driving too fast for prevailing road conditions, skidded across the centerline, hit an oncoming car, and then jumped out of his vehicle and cursed his misfortune while the driver of the other car screamed for help. The Georgia Court of Appeals found that while this behavior "may be evidence of gross negligence," there was no clear and convincing evidence that the defendant's acts "arose [sic] to the level sought to be punished under O.C.G.A. § 51–12–5.1." *Id.* at 652, 431 S.E.2d 443. *Cf. J.B. Hunt Transport, Inc. v. Bentley, et al.,* 207 Ga.App. 250, 427 S.E.2d 499 (1992), *reconsid. & cert. denied,* 1993 Ga. LEXIS 421 (1993) (finding that jury could properly award punitive damages on the basis of "conscious indifference" where defendant, aware of earlier brake problems with his tractor-trailer rig, drove it onto a highway, swerved erratically, ignored three signs warning of construction on the road ahead, and finally crashed into a police car and a small truck parked alongside the construction area).

Monroe's actions in this instance do not evince the degree of indifference considered in *J.B. Hunt* or even *Coker.* The Georgia Code does not intend citizens to be slapped with punitive damages every time they commit a moving violation.

### V. Conclusion

Even construed most favorably to the Plaintiff, the facts of this case do not support an award of punitive damages against Defendant Suttles for the acts of its employee Monroe. Defendant Reliance National Indemnity is thus also freed from punitive liability. Defendants' motion for partial summary judgment is **GRANTED.**

SO ORDERED.